**ARMSTRONG RUBBER CO., et al., Plaintiffs,**

v.

**UNITED STATES, Defendant.**

No. 84–10–01444.

United States Court of International Trade.

Aug. 8, 1985.

Frederick L. Ikenson, P.C., Washington, D.C. (Frederick L. Ikenson and J. Eric Nissley, Washington, D.C.), for plaintiffs.

Lyn M. Schlitt, Gen. Counsel, Michael P. Mabile, Asst. Gen. Counsel and Brenda A. Jacobs, Washington, D.C., for defendant Intern. Trade Com'n.

Arnold & Porter, Washington, D.C. (Thomas B. Wilner, Sukhan Kim and Duane K. Thompson, Washington, D.C.), for defendant-intervenors Hankook Tire Mfg. Co., Ltd., et al.

*Opinion and Order*

WATSON, Judge:

In this action the Court is reviewing a determination by the International Trade Commission (ITC) that there was no reasonable indication of material injury or threat of injury from imports of tires from the Republic of Korea.[1] The determination under review terminated the investigation of a petition for the imposition of antidumping duties which had been brought by five domestic manufacturers of tires.

Plaintiffs contend that the ITC relied on an unlawfully stringent standard to determine whether or not there was a reasonable indication of material injury or threat of material injury. The ITC does not deny that the determination was inconsistent with the standards set out in this Court's decision in *Republic Steel Corp. v. United States*, 8 C.I.T. ——, 591 F.Supp. 640 (1984), motion for rehearing denied, 8 C.I.T. ——, Slip Op. 85–27 (March 11, 1985).

The ITC expresses its continued disagreement with that decision. However, it says nothing to change the Court's opinion that what the ITC has done here is to conduct a final investigation in the guise of an entirely different and more rudimentary proceeding. It has looked for the reality of injury, not the possibility of injury.

In the short span of this preliminary determination the ITC found an explanation for why the domestic industry was experiencing falling prices during a period of *insufficient* tire supplies; made a complex judgment of why it was the *availability* and not the significantly lower price of Korean tires that influenced purchasers; made a financial analysis of the domestic producers which tried to account for a decline in their profits, made a subtle analysis minimizing the increase of Korean imports; explained away a present increase and an expected increase in Korean production capacity, and evaluated conflicting forecasts on the future effect of imported tires from Korea.

All this involved the operation of the full range of the ITC's expertise and represented a weighing and interpretation of conflicting evidence or a choice between competing inferences at an inappropriately early stage. This, in and of itself, shows that there was a possibility of injury or threat of injury. Once again, the Court is at a loss to see the difference between what was done here and what is supposed to be done in a final investigation. In short, it appears that the price of obtaining an investigation is being raised to the point where a petitioner must do much more than simply present the possibility of injury. This is a distortion of the law and a major interference with the legislative purpose.

Receptiveness to the conduct of investigations is a fundamental part of this law but the ITC's position displays the opposite. Its concept of what provides a "reasonable indication" is closer to what might be enough to satisfy a final determination. In fact, at one point it even speaks of "substantial evidence" as indicating that it was the availability and not the significantly lower price that led to the sales of Korean tires.

This Court has exhaustively discussed the statutory basis for the extremely low threshold in the preliminary determination of whether there is a reasonable indication of injury or threat of injury. *Republic Steel Corp., et al. v. United States*, 8 C.I.T. ——, 591 F.Supp. 640, motion for

---

**1.** *Radial Ply Tires For Passenger Cars From The Republic of Korea,* Investigation No. 731–TA– 200 (Preliminary) USITC Public. 1572, 49 Fed. Reg. 36712 (1984).

rehearing denied, 8 C.I.T. ——, Slip Op. 85–27 (March 11, 1985). The Court has also explained the necessity for receptiveness to investigation in *American Grape Growers Alliance For Fair Trade, et al. v. United States*, 615 F.Supp. 603, 10 C.I.T. ——, Slip Op. 85–84 (1985). The reasoning and language of those opinions is adopted and fully incorporated herein.

The Court of Appeals has not sanctioned anything more than the common sense rule that the Commerce Department may reject allegations which conflict with matters of public record. *See, United States v. Roses Incorporated*, 706 F.2d 1563 (1983). In an opinion on the proper conduct of the first agency examination of the sufficiency of a petition the Appellate Court has certainly not sanctioned the advancement of final determinations on the merits to the preliminary stages of the investigation.

For these reasons plaintiffs' motion is granted, the ITC's determination is reversed and the matter is remanded for the issuance of a determination consistent with this opinion.