ARMSTRONG RUBBER CO., et al.,
Plaintiffs/Appellees,

v.

UNITED STATES, Defendant/Appellant,

v.

HANKOOK TIRE MFG. CO., et al.,
Defendant/Appellee.

Appeal No. 85–2707.

United States Court of Appeals,
Federal Circuit.

Jan. 14, 1986.

Lyn M. Schlitt, Gen. Counsel, Michael P. Mabile, Asst. Gen. Counsel and Catherine R. Field, U.S. Intern. Trade Com'n, Washington, D.C., for appellant.

Frederick L. Ikenson, Washington, D.C., for appellees.

Thomas B. Wilner, William D. Rogers, Robert E. Hertzstein, Sukhan Kim, Stephen E. Becker, Alan O. Sykes and Duane K. Thompson, Arnold & Porter, Washington, D.C., for intervenors Hankook Tire Mfg. Co., Ltd., et al.

Gail T. Cumins, Peter O. Suchman and Ned H. Marhsak, Sharretts, Paley, Carter & Blauvelt, P.C., New York, New York, for amicus curiae, American Ass'n of Exporters and Importers.

Before MARKEY, Chief Judge, BALDWIN and BISSELL, Circuit Judges.

## ORDER

BISSELL, Circuit Judge.

The court has before it certain motions of Hankook Tire Mfg. Co., Ltd., Hankook Tire America Corp., Kumho & Co., Inc., Kumho U.S.A., Inc., Hyosung Corp., and Hyosung America, Inc. (jointly, movants), to intervene in this appeal from an August 8, 1985 decision of the Court of International Trade (CIT), 614 F.Supp. 1252. Movants were formal intervenors in the CIT proceedings on the side of appellant, the U.S. International Trade Commission (ITC), by virtue of their participation in the ITC antidumping proceedings under review, and their status as interested parties pursuant to 19 U.S.C. § 1677(9)(A).

The court has also received the December 19, 1985 motion of appellees Armstrong Rubber Co. and The B.F. Goodrich Company (Armstrong et al.) to dismiss the appeal for lack of jurisdiction.

On August 15, 1985, the ITC filed its notice of appeal with this court. On August 19, 1985, the appellees, Armstrong et al., filed a motion for alteration of judgment under the purported authority of USCIT R. 59(e). That motion was denied by the CIT on September 18, 1985.

Armstrong et al. has argued that the filing of the USCIT 59(e) motion nullified the ITC's August 15, 1985 notice of appeal, and that the ITC's failure to file a subsequent notice of appeal from the September 18, 1985 order of the CIT has rendered this appeal untimely. The ITC and movants have requested an enlargement of time, until January 13, 1986, to respond to this motion. The request for an enlargement of time to respond to the motion is granted.

Movants have also requested intervention into this appeal. Movants, however, did not file a notice of appeal in the CIT, relying instead upon paragraph 9(a) of this court's procedural handbook as the basis for their participation in this appeal. Movants argue that paragraph 9(a) grants them the position of appellants simply by the filing of a notice of appearance and that this status was allegedly confirmed in oral conversation with members of the clerk's staff.

Regarding the movant's motions to intervene, paragraph 9(a) of the court's procedural handbook states:

A party who appears as an intervenor in a lower court proceeding shall be considered a party to the appeal upon the filing of a notice of appearance.

Further, the handbook carries the express qualification:

This handbook does not amend, modify, or substitute for any of the court's rules. Appeals are governed by the Federal Rules of Appellate Procedure (FRAP) with modifications and additions by Local Rules (CAFC) dictated by the nature of the court's jurisdiction.

▪ FRAP 3 specifically directs that an appeal permitted as of right *shall* be taken

by filing a notice of appeal with the clerk of the court from which the appeal is taken within the time allowed by FRAP 4. Further, that rule specifically requires each party seeking to act independently to overturn or modify a judgment to file a notice of appeal. The general rule that the filing of the notice of appeal is mandatory and jurisdictional (*United States v. Robinson*, 361 U.S. 220, 224, 80 S.Ct. 282, 285, 4 L.Ed.2d 259 (1960)) extends to all appeals. *Jackson Jordan, Inc. v. Plasser Amer. Corp.*, 725 F.2d 1373, 1376 (Fed.Cir.1984).

█ Thus, movants' reliance upon Paragraph 9(a) of the handbook in this case is unjustified. By filing a notice of appearance, movants have the right to participate as a party in the appeal. However, having failed to file a notice of appeal, movants' motion to participate in this appeal as appellants must be denied. Thus, the brief and response to the motion to dismiss proffered by movants is accepted in support of the position of the United States (appellant) and will be considered to that extent.*

---

* This treatment of movants is in accordance with Supreme Court rules on *appeals* to that court.

See Supreme Court Rule 10.4.