**George C. JENSEN, Appellant,**

**v.**

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 90–661.**

United States Court of Veterans Appeals.

March 2, 1993.

Joseph A. Violante, Washington, DC, was on the brief, for appellant.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and R. Randall Campbell, Washington, DC, were on the brief, for appellee.

Before KRAMER, HOLDAWAY and STEINBERG, Associate Judges.

HOLDAWAY, Associate Judge:

Appellant is seeking service connection for aggravation he avers he incurred in service to a back condition (kyphosis) that preexisted his service. Appellant argues that in determining whether "new and material" evidence had been submitted that would require reopening his previously denied claim, the Board of Veterans' Appeals (BVA or Board) failed to consider the "evidentiary presumptions" arising from the aggravation to his back that he alleges was incurred incident to combat. See 38 C.F.R. § 3.306(b)(2) (1992). The Court, sua sponte, raised an additional issue of whether § 3.306(b)(2) would provide for a compensable rating where there was a temporary exacerbation of a preexisting condition incident to combat, even though there is no evidence of a permanent worsening of the condition.

## BACKGROUND

In 1943, when appellant was inducted into the service, he had a medical condition called kyphosis, which is defined as an abnormal backward curvature of the spine. This condition was apparently not identified at the time of induction. Notwithstanding this condition, he underwent basic training and was subsequently assigned to the infantry as a heavy mortar crewman. In June 1944, while appellant was still in the United States, the preexisting kyphosis was identified and a military doctor opined that appellant was "not physically fit for field duty and should be assigned duty not requiring walking, heavy lifting, or constant sitting." Despite this recommendation, no change in duty was made and appellant, in November 1944, deployed with his unit to the European Theatre of Operations. In December 1944, appellant was hospitalized for trenchfoot and remained in a patient status for that condition until the latter part of April 1945. In August 1945, he was hospitalized for a stomach condition (not part of this appeal), and at that time the kyphosis was again identified and appellant was placed on limited duty. Other clinical entries to his service medical records note the kyphosis (November and December 1944), but in those instances he was

being treated for unrelated matters; there is no clinical record of either complaints about or treatment for his back condition. The record on appeal contains statements from fellow soldiers indicating that he did complain to them of back pain during maneuvers and training, after strenuous physical exertion. No report regarding a separation examination is in the record on appeal.

Although appellant was apparently in some combat (he was awarded the Combat Infantry Badge) neither the statements of his friends nor his own statements specifically link the exacerbation of his back condition to such combat. To the extent that specific instances are mentioned they all appear to be incidents related to training and maneuvers. Parenthetically, it is noted that the field representative of the organization representing appellant at the Regional Office (RO) hearing apparently misread his record and therefore somewhat exaggerated the time that appellant was engaged in combat. We are certain this was inadvertent, since at all times appellant has been consistent as to the dates he was in the combat theater and, within that time frame, the period he was in a patient status in England. Appellant's separation physical in December 1945 makes no note of the back condition. There are postservice medical records which disclose a history of a gradually and permanently worsening back condition, beginning by the early 1970's.

## ANALYSIS

■ *Presumptions Arising from Combat.* Section 3.306(b)(2), title 38 of the Code of Federal Regulations (1992), provides: "The development of *symptomatic* manifestations of a preexisting disease or injury during or proximately following action with the enemy ... *will* establish aggravation." (Emphasis supplied.) The statutory authority cited for this regulation is 38 U.S.C.A. § 1154(b) (West 1991) which provides, in effect, that in the case of a combat veteran who claims an injury or disease, or aggravation thereof, the Secretary of Veterans Affairs (Secretary) will accept lay or other evidence of such incurrence, notwithstanding the lack of official documentation. From these provisions appellant argues that, in the case of combat veterans only, a temporary increase in the severity of a preexisting condition during or proximately following combat is sufficient for a disability rating based on aggravation. The Secretary argues, on the other hand, that "temporary flare-ups of characteristic symptoms of a preexisting disorder which resolve before separation are not sufficient to warrant" a compensable rating. The critical factor according to the Secretary, in all cases including those arising from combat, is a comparison of the preexisting condition at the time of separation with the condition at induction to see if there has been an increase in the overall *disability.* He concedes the "ambiguity" of the referenced regulation; he attributes this to a process of losing the original meaning in the various recompilations of the regulations that have taken place over the years and concludes that § 3.306(b)(2) should not be read as conflicting with the language in § 3.306(b) which "reflects the VA's longstanding interpretation that service connection based on aggravation requires increased disability continuing beyond discharge." In short, without specifically saying so, he reads out § 3.306(b)(2) from the regulation.

■ The Court concludes that appellant's argument is in accord with the plain meaning of the regulation. Despite the Secretary's valiant attempt to salvage the regulation, it cannot bear the meaning he ascribes to it. Hence, the Court concludes that this regulatory provision, to the extent that it would provide disability compensation for temporary exacerbations of preexisting conditions, is inconsistent with the statutory scheme concerning disability benefits. *See* 38 U.S.C.A. §§ 1110, 1153 (West 1991). It is, therefore, invalid, and the Court must set it aside under 38 U.S.C.A. § 7261(a)(3)(C) (West 1991). As the Court held in *Hunt v. Derwinski,* 1 Vet.App. 292 (1991), at 297: "Given the plain meaning of 38 U.S.C. § 353 [now § 1153], and the purposes of the veteran's disability laws, we hold that temporary or intermittent flare-

ups during service of a preexisting injury or disease are not sufficient to be considered 'aggravation in service' unless the underlying condition, as contrasted to symptoms, is worsened." The statute relied on for promulgation of § 3.306(b)(2), 38 U.S.C. § 1154(b), can in no way be read as providing additional *substantive* rights to combat veterans over those provided to non-combat veterans. It is a statute concerned solely with liberalizing the *modes of proof* for such veterans.

■ *New and Material Evidence.* A previous unappealed adjudication in 1951 specifically found no aggravation in service of the preexisting kyphosis. This decision is final in the absence of "new and material" evidence. 38 U.S.C.A. § 5108 (West 1991). Appellant, in his argument that there was "new and material" evidence, simply avers that because the evidentiary presumption of 38 C.F.R. § 3.306(b)(2) was not considered in the 1951 adjudication, this, in effect, constitutes "new and material" evidence. Our disposition above concerning this regulation, of course, moots this argument. The Court has searched the record in vain for "new and material" evidence. There is none, nor, as noted, has the appellant pointed to any. The salient facts that were before the RO in 1951 are the same essential facts considered by the RO and the BVA in the latest adjudication. The sole addition that is noncumulative in nature is medical evidence from a period many years after service showing a gradual worsening of the preexisting condition. None of that evidence points to aggravation in the service as a cause for the worsening.

The Court is grateful for the excellent briefs that were presented, particularly as to the issue raised by the Court. The decision of the BVA is AFFIRMED.