George C. JENSEN, Claimant–Appellant,

v.

Jesse BROWN, Secretary of Veterans Affairs, Respondent–Appellee.

No. 93–7067.

United States Court of Appeals, Federal Circuit.

March 22, 1994.

**1414**

Ronald L. Smith, Disabled American Veterans, Bowie, MD, argued for claimant-appellant.

Luis M. Matos, Atty., Dept. of Justice, Washington, DC, argued for respondent-appellee.

Frank W. Hunger, Asst. Atty. Gen., David M. Cohen, Director, Bryant G. Snee, Asst. Director and David W. Case, Atty., Commercial Litigation Branch, Dept. of Justice, Washington, DC, were on the brief for re-

spondent-appellee. Also on the brief was Tresa M. Schlecht, Department of Veterans Affairs, Washington, DC, of counsel was Richard J. Hipolit, Dept. of Veterans Affairs.

Before ARCHER, Chief Judge,* COWEN, Senior Circuit Judge, and MAYER, Circuit Judge.

MAYER, Circuit Judge.

George C. Jensen appeals from a judgment of the United States Court of Veterans Appeals affirming the Board of Veterans Appeals' denial of his request to reopen his claim for service connection of his disability. 5 Vet.App. 171 (April 14, 1993) (unpublished). We reverse and remand.

*Background*

George C. Jensen served on active duty in the United States Army from March 18, 1943, to December 31, 1945. When he entered the service, a physical examination was conducted and Jensen was diagnosed as having kyphosis, defined as an abnormal backward curvature of the spine. Although a military doctor said he was "not physically fit for field duty", Jensen deployed with his unit to the European Theatre of Operations in November, 1944. During his service, he was awarded the Combat Infantry Badge, signifying participation in hostile action, among other decorations.

In December, 1944, Jensen was hospitalized for trenchfoot and remained a patient until April, 1945. In August of 1945, he was again hospitalized, this time for a stomach condition. While in the hospital, he complained of lower back pain and kyphosis was again diagnosed. He was placed on limited duty upon release from the hospital and was discharged from the Army on December 31, 1945. The record is inconclusive whether mention was made of his back condition at the discharge physical, or if, in fact, such an examination took place.

Jensen applied to the Veterans Administration (now Department of Veterans Affairs (DVA)) for disability compensation in January, 1951. In April of that year, DVA denied

* Chief Judge Archer assumed the position of Chief Judge on March 18, 1994.

his claim for service connection of his kyphosis, finding no evidence of service aggravation of the condition.

In October, 1987, Jensen requested that his claim be reopened. On March 16, 1988, the DVA denied his request, finding that the 1951 decision was not clearly and unmistakably erroneous and that he had presented no new and material evidence to warrant reopening his claim. The Board of Veterans Appeals (board) sustained this decision in April, 1990. On appeal to the Court of Veterans Appeals, the case was remanded to the board to make specific findings on whether the 1951 decision was clearly erroneous and to expressly consider the provisions of 38 C.F.R. § 3.306(b)(2) (1993) which provides a presumption of aggravation under certain circumstances.

On reconsideration, the board again declined to reopen Jensen's claim. It observed that an earlier regulation, R & PR 1063(I), in effect at the time of the 1951 rating decision contained essentially the same terms as 38 C.F.R. § 3.306(b)(2). The board determined that the evidence presented during the 1951 proceeding had not satisfied the requirements of R & PR 1063(I) and therefore the decision not to apply the presumption was not in error. It further found that the evidence presented after the 1951 decision did not establish that Jensen "developed symptomatic manifestations during or proximately following action with the enemy, such as to establish aggravation under 38 C.F.R. § 3.306(b)(2)." *In the Appeal of George C. Jensen,* No. 89–42 291, slip op. at 7 (Bd.Vet. App. April 25, 1991). The board again concluded that no new and material evidence sufficient to reopen the claim had been presented.

On appeal, the Court of Veterans Appeals *sua sponte* questioned the validity of 38 C.F.R. § 3.306(b)(2). It accepted Jensen's argument that the plain meaning of the regulation would allow a combat veteran to establish aggravation by producing evidence of a temporary increase in the severity of a preexisting condition during or proximate to combat. But the court then stated that this would conflict with 38 U.S.C. § 1153 (Supp. IV 1992) which precludes "temporary or in-termittent flare-ups" of a preexisting condition from being considered aggravation. *Jensen v. Brown,* 4 Vet.App. 304, 306–307 (1993) (quoting from *Hunt v. Derwinski,* 1 Vet.App. 292, 297 (1991)). The court determined that 38 U.S.C. § 1154(b) (Supp. IV 1992), the law relied on by DVA in promulgating section 3.306(b)(2) of the regulation, could not be read as providing substantive rights to combat veterans beyond those provided to non-combat veterans. The court set aside the regulation as invalid. Therefore, it declared moot Jensen's argument that because the evidentiary presumption of section 3.306(b)(2) was not considered in the 1951 rating decision, the regulation itself amounted to new and material evidence sufficient to reopen his claim.

*Discussion*

■ This court has authority to review the Court of Veterans Appeals interpretation of a statutory provision or regulation. 38 U.S.C. §§ 7292(c) & (d) (Supp. IV 1992). And interpretation of a statute or regulation is a question of law which we review *de novo. Prenzler v. Derwinski,* 928 F.2d 392, 393 (Fed.Cir.1991).

■ Initially, the government asserts that the veteran's court did not have jurisdiction to address the validity of the regulation because Jensen had not presented new and material evidence sufficient to reopen his claim. Jensen responds that the regulation itself amounted to new and material evidence because it provided an evidentiary presumption that should have been applied in his initial 1951 claim but was not. The Court of Veterans Appeals has held that the misapplication of, or in this case the alleged complete failure to apply, an evidentiary regulation may be a form of new and material evidence sufficient to reopen a claim. *See, e.g., Corpuz v. Brown,* 4 Vet.App. 110, 113 (1993). For present purposes, we accept this conclusion. In its review of Jensen's request to reopen his claim after remand by the court, the board had addressed the application of section 3.306. To review the board's application of the regulation, the court thought it was necessary to address the validity of the regulation, for if it should be invalid, then it

could not be new and material evidence. Because the issue of whether there was new and material evidence was inextricably intertwined with the validity of the asserted regulation, we think the issue was reachable by the court as ancillary to an assessment of its own jurisdiction. *See. Bender v. Williamsport Area School District,* 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986).

 The regulation at issue, 38 C.F.R. § 3.306(b)(2), states in relevant part:

Due regard will be given the places, types, and circumstances of service and particular consideration will be accorded combat duty and other hardships of service. The development of *symptomatic manifestations of a preexisting disease or injury* during or proximately following action with the enemy or following a status as a prisoner of war *will establish aggravation* of a disability. [Emphasis added].

Equally as important is the statute under which the regulation was promulgated, 38 U.S.C. § 1154, and the statute it implements, 38 U.S.C. § 1153. Section 1154 provides:

(a) The Secretary shall include in the regulations pertaining to service-connection of disabilities (1) additional provisions in effect requiring that in each case where a veteran is seeking service-connection for any disability due consideration shall be given to the places, types, and circumstances of such veteran's service ...

(b) In the case of any veteran who engaged in combat with the enemy in active service ..., the Secretary shall accept as sufficient proof of service-connection ... satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the veteran. Service-connection of such injury or disease may be rebutted by clear and convincing evidence to the contrary....

And section 1153, setting out substantive requirements for aggravation, and of which the regulation is an implementing aid, provides:

A preexisting injury or disease will be considered to have been aggravated by active military, naval, or air service, where there is an increase in disability during such service, unless there is a specific finding that the increase in the disability is due to the natural progress of the disease.

The court held that section 3.306 of the regulation was in direct conflict with 38 U.S.C. § 1153 because the plain meaning of the regulation would require a finding of service-connection for "temporary flare-ups" of symptoms related to a preexisting condition. We agree that the plain meaning of "symptomatic manifestations" as that term is used in the regulation would encompass symptoms indicative of a temporary increase in the severity of a preexisting condition as well as those indicative of a more permanent change in condition. Where we part from the court, however, is in treating section 3.306 as imposing a conclusive or irrebuttable presumption of service-connection based on aggravation.

The statutory program of disability benefits allows a veteran to receive benefits for service-connected aggravation of a condition existing before the commencement of military service. 38 U.S.C. § 1110 (Supp. IV 1992). Section 1153 explains that "aggravation" requires some increase in the severity of the preexisting condition causally related to military service. It also explains that service-connection may be defeated by a specific showing, that the increase in severity was caused by the natural progression of the disease or injury. But the statute is silent about the method or level of proof necessary to establish an increase in severity, or to show that any increase was caused by natural progression. Those matters are taken up in section 1154, which gives the Secretary authority to set out regulations to create rules of evidence directed at the nature and level of proof required to satisfy the substantive requirements of service-connection. One method is a showing of aggravation.

Section 1154 makes it abundantly clear that special considerations attend the cases of combat veterans. These veterans may prove service-connection by "satisfactory lay

or other evidence" even in the absence of any official records. In addition, the Secretary "shall resolve every reasonable doubt in favor of the veteran." This evinces a strong intent to provide generously for the service-connected disabilities of combat veterans by liberalizing the methods of proof allowed. It is crystal clear that the Secretary may promulgate regulations implementing this liberalized concept of proof and may create evidentiary presumptions to resolve all reasonable doubts in the veteran's favor; the rules should be structured so that if any error occurs, it will occur in the veteran's favor.

Section 3.306 followed the statutory mandate and created an evidentiary presumption in favor of the combat veteran. Per the regulation the veteran may establish aggravation by satisfactory lay or other evidence of the occurrence of symptoms indicative of a preexisting condition. The regulation takes into account the unarguable difficulty a veteran encounters in gathering conclusive evidence of a service-connected increase in the severity of a preexisting condition under the rigors of combat or as a prisoner of war. It contemplates that the servicemember will not have a medical team standing by in the field to conclusively assess his condition at the moment the symptoms are evident. Accordingly, the regulation simply provides a presumption that if the veteran produces evidence of symptomatic manifestations during or proximate to combat, aggravation will be established.

The error of the Court of Veterans Appeals was in assuming that once such a showing was made, the inquiry ended and service-connection was conclusively proven. The regulation only provides that aggravation will be established, not service-connection, or even that the determination of aggravation is irrebuttable. Both the statute, section 1153, and the regulation, section 3.306(a), explain that there are other aspects to the inquiry: both give the government the opportunity to deny service-connection on a specific showing that an increase in severity was caused by natural progression. Section 1154 further says that a showing of service-connection may be rebutted by clear and convincing evidence to the contrary.

■ Reading these sections of the statute and the regulation together, an entirely consistent procedure for analyzing a claim of aggravation is readily apparent. The veteran has the opportunity to establish a rebuttable presumption of aggravation by providing the kind of evidence one engaged in combat or held as a prisoner of war is most likely to have available, lay testimony or other informal evidence of symptomatic manifestations, whether temporary or otherwise, of incurrence or aggravation. Once this showing has been made, the government has the burden to rebut by clear and convincing proof that there has been no increase in the severity of the preexisting condition, thereby establishing lack of a statutory requirement, or that any increase was the result of natural progression.

Placing this burden on the government is consistent with the congressional intent to give veterans liberalized methods of proving service-connection. It also comports with the general rule that where evidence required to prove a fact is peculiarly within the knowledge and competence of one of the parties, fairness requires that party to bear the burden of coming forward. *See Campbell v. United States,* 365 U.S. 85, 96, 81 S.Ct. 421, 427, 5 L.Ed.2d 428 (1961). By conducting both induction and separation physical examinations, the government is in the best position to have reliable medical evidence about any changes in a preexisting condition. If it does not, it cannot penalize the veteran in favor of whom all doubts are to be resolved.**

### Conclusion

Accordingly, the judgment of the United States Court of Veterans Appeals is reversed and this case is remanded for further proceedings consistent with this opinion.

---

** The government also raises an argument that the veterans court erred in not adopting its proposed interpretation of the regulation. Because this argument seeks to modify the judgment of the veterans court and the government did not file a notice of appeal, it will not be addressed. *See* Fed.Cir.R. 3; *Armstrong Rubber Co. v. United States,* 781 F.2d 889, 891 (Fed.Cir.1986).

## COSTS

Jensen shall have his costs.

*REVERSED AND REMANDED.*