**George C. JENSEN, Appellant,**

**v.**

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 90–661.**

United States Court of Veterans Appeals.

Aug. 8, 1994.

Before KRAMER, HOLDAWAY, and STEINBERG, Judges.

**ORDER**

PER CURIAM.

On March 20, 1990, the Board of Veterans' Appeals (BVA or Board) determined that "new and material" evidence had not been submitted to reopen a claim of service connection for a dorsal spine condition. In July 1990, appellant filed a Notice of Appeal with this Court. Appellant contended that his "new and material" evidence consisted of the application of 38 C.F.R. § 3.306(b)(2) (1993). On March 2, 1993, 4 Vet.App. 304, this Court held that 38 C.F.R. § 3.306(b)(2) did not constitute "new and material" evidence, and, therefore, affirmed the BVA decision. In April 1993, appellant appealed this Court's decision to the United States Court of Appeals for the Federal Circuit (Federal Circuit). On March 22, 1994, 19 F.3d 1413, the Federal Circuit reversed this Court's March 2, 1993, decision and remanded the matter to this Court for further adjudication.

Appellant's claim was originally denied in 1951 by the agency of original jurisdiction. That decision was final and could be reopened only upon the presentment of "new and material" evidence. *See* 38 U.S.C. §§ 5108, 7104(b). Whether evidence is "new and material" is a question of law. *See Colvin v. Derwinski*, 1 Vet.App. 171, 174 (1991); *Masors v. Derwinski*, 2 Vet.App. 181, 185 (1992). "New" evidence is "that which is not merely cumulative of other evidence of record." *Cox v. Brown*, 5 Vet.App. 95, 98 (1993). "Material" evidence is relevant to and probative of the issue at hand, and of sufficient weight and significance that there is a reasonable possibility that the new evidence, when considered in light of all the evidence, would change the outcome. *Id.; see Colvin, supra.* It appears that the Federal Circuit in reversing this Court has determined, as a matter of law, that 38 C.F.R. § 3.306(b)(2) constituted "new and material" evidence, and that appellant's claim must be reopened.

Upon consideration of the foregoing and of memoranda filed by the parties on June 27,

1994, July 25, 1994, and July 29, 1994, at the request of the Court, on a jurisdictional issue, it is

. ORDERED that the March 20, 1990, decision of the BVA is VACATED and the matter REMANDED for the Board to reopen appellant's claim and readjudicate it in compliance with the opinion of the Federal Circuit.