60 F.3d 843
 76 A.F.T.R.2d 95-5356
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
BOYD BROTHERS TRANSPORTATION COMPANY, INC., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5176.
 United States Court of Appeals, Federal Circuit.
 July 11, 1995.
 
 Before ARCHER, Chief Judge, RICH and SCHALL, Circuit Judges.
 ARCHER, Chief Judge.
 
 
 1
 Boyd Brothers Transportation Co., Inc. (Boyd Brothers) appeals the summary judgment of the Court of Federal Claims, 27 Fed.Cl. 509 (1993), denying a tax refund for a portion of wages claimed, but never specifically identified, as travel expenses under Treas.Reg. Sec. 31.3121(a)-1(h). We affirm.
 
 BACKGROUND
 
 2
 Boyd Brothers employs interstate truck drivers for local, short-haul, and long-haul routes. During the pertinent tax years, 1985 through 1986, Boyd Brothers paid from 20 to 23 cents per mile for long-haul drivers, depending upon the experience of the drivers, plus 1 to 5 cents per mile if the drivers satisfied certain safety and fuel consumption standards. These compensation rates were higher than local or short-haul rates because the drivers were expected to pay for their subsistence and travel expenses. Such expenditures were not paid directly. Instead, the per mile rate was higher to compensate for the additional expenses associated with long-haul routes. Also, if a driver were not returning home or to a home terminal for a specified period, a driver could receive an advance of up to $100 per week under a policy set forth in the company's "Driver Manual." Throughout 1985 and 1986, Boyd Brothers paid the established per mile rates to the long-haul drivers as wages, which included the amounts available for cash advance, and paid FICA tax on these wages.
 
 
 3
 In 1987, Boyd Brothers learned that travel expenses were excludable from FICA taxable wages and filed an amended return seeking a credit for the FICA taxes allegedly overpaid in 1985 and 1986. In the amended return, Boyd Brothers explained that all advances paid comprised travel expenses. Further, for those drivers who took no advances, Boyd Brothers computed that 5 to 6 cents per mile, of the 20 to 23 cents per mile rate, represented reimbursement of travel expenses to the long-haul drivers. The IRS disallowed the claim in the amended return because neither the advances nor the cent per mile amounts had been separately identified. The Internal Revenue Service (IRS) explained that, pursuant to Treas.Reg. Sec. 31.3121(a)-1(h), any travel or other business expenses had to be specifically identified and thus segregated from wages. Boyd Brothers subsequently filed a refund claim, which the IRS also denied.
 
 
 4
 On January 22, 1990, Boyd Brothers filed a refund action in the Court of Federal Claims. Boyd Brothers argued, inter alia, that the advance amounts satisfied Treas.Reg. Sec. 31.3121(a)-1(h) because they constituted separate payments and the cent per mile amounts satisfied the regulation because of the "express or implied agreement or understanding" with its long-haul drivers. The Court of Federal Claims held that the advance payments to the long-haul drivers satisfied the regulation in all respects but that the cent per mile amounts had not satisfied the regulatory requirement that travel expenses be separately identified.
 
 
 5
 Boyd Brothers now appeals.
 
 DECISION
 
 6
 The interpretation of a regulation and the grant of summary judgment are questions of law, both of which we review de novo. Jensen v. Brown, 19 F.3d 1413, 1415 (Fed.Cir.1994); Cohen v. United States, 995 F.2d 205, 207 (Fed.Cir.1993).
 
 
 7
 The Federal Insurance Contributions Act (FICA), IRC Secs. 3101-28, imposes an excise tax on every employer with respect to "wages" paid to employees. See IRC Sec. 3121(a) (defining wages as "all remuneration for employment, including the cash value of all remuneration (including benefits) paid in any medium other than cash"). Treas.Reg. Sec. 31.3121(a)-1(h) sets forth the circumstances under which an employer's payments to its employees to cover travel and other business expenses will not constitute wages for purpose of FICA tax liability. The regulation states:
 
 
 8
 Amounts paid specifically--either as advances or reimbursements--for traveling or other bona fide ordinary and necessary expenses incurred or reasonably expected to be incurred in the business of the employer are not wages. Traveling and other reimbursed expenses must be identified either by making a separate payment or by specifically indicating the separate amounts where both wages and expense allowances are combined in a single payment.
 
 
 9
 Boyd Brothers recognizes that, if travel expenses are not identified "by making a separate payment," Treas.Reg. Sec. 31.3121(a)-1(h) requires that an employer "specifically indicat[e] the separate amounts where both wages and expense allowances are combined in a single payment." Boyd Brothers claims that such an indication occurred pursuant to a "mutual understanding" with its long-haul drivers as recited in the company's Driver Manual. The manual sets forth the following policy:
 
 
 10
 EXPENSE MONEY: Call when needed, plan ahead, try to get enough money today to last several days. Don't ask for $25.00 or $50.00 everyday. When you can plan ahead--maybe get $75.00 one time and make it last.
 
 
 11
 CASH ADVANCE: When a driver is out on the week-end, not coming home or not at his home terminal, Boyd Brothers, if requested, will advance a driver up to $100.00 of his money for personal expenses. This money is to be advanced on Friday only and will be deducted from next Friday's paycheck. This comes in $25.00-$50.00-$75.00-or $100.00. If you only need $50.00--that is what you ask for--but if you need $100.00 get it--don't call in two or three times a week for personal money. "FRIDAY ONLY. "
 
 
 12
 Boyd Brothers also relies on Rev.Rul. 55-196, 1955-1 C.B. 492; Priv.Ltr.Rul. 80-52-038 (Sept. 30, 1980); and Priv.Ltr.Rul. 85-31-006 (Apr. 4, 1985), as indicating the sufficiency of the manual provision.
 
 
 13
 The Court of Federal Claims rejected Boyd Brothers' purported compliance with Treas.Reg. Sec. 31.3121(a)-1(h) because the proffered mutual understanding and the company's Driver Manual did not provide for the company to specifically indicate the separate amounts paid for wages and expenses, as required by the regulation. The court explained:
 
 
 14
 For example, if a driver spent most of a particular week at home and drove only sufficient miles to earn $90, the IRS could not calculate from the provisions in the "Driver Manual" what portion of that $90 covered travel expenses and what portion covered wages. The same is true if a driver earned $100, $200, $500, or any amount in between. Hence, assuming that a prior written agreement or understanding can be sufficient to satisfy the identification requirement in Treas.Reg. Sec. 31.3121(a)-1(h), the written understanding here is not sufficient because it does not permit a determination of the precise amount of each check that covered travel expenses.
 
 
 15
 Boyd Brothers, 27 Fed.Cl. at 514. The court also correctly found the revenue ruling and the private letter rulings unavailing, as they all reiterated the identification requirement of the regulation. We conclude that the decision of the Court of Federal Claims was not in error, and accordingly, we affirm.