Citation Nr: 1508844 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 09-39 170 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Whether new and material evidence has been received to reopen a claim for service connection for an acquired psychiatric disorder, to include schizophrenia (referred to herein as schizophrenia). 


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

J. Gallagher, Associate Counsel


INTRODUCTION

The appellant served on active duty for training (ACDUTRA) from October 1976 to February 1977 in the Illinois Army National Guard, as well as for two-week periods in July 1977, July 1978, and July 1980. The appellant served on inactive duty for training (INACDUTRA) for shorter periods, including a two-day period in August 1980.

This appeal is before the Board of Veterans' Appeals (Board) from a May 2006 rating decision of the abovementioned Department of Veterans Affairs (VA) Regional Office (RO).

In September 2014, the appellant testified during a Board hearing in Chicago, Illinois, before the undersigned Veterans Law Judge. A transcript is included in the Virtual VA claims file.

In June 2014, the Board remanded the appellant's appeal to the RO with instruction to comply with the appellant's request to reschedule his hearing. The RO complied with these instructions, and the hearing took place as described above. The Board is therefore satisfied that the instructions in its remand of June 2014 have been satisfactorily complied with. See Stegall v. West, 11 Vet. App. 268 (1998).


FINDINGS OF FACT

1. In May 1997 decision, the Board denied the appellant's claim for service connection for an acquired psychiatric disorder. The appellant did not appeal this decision.

2. Evidence received since the May 1997 Board decision is cumulative or redundant of the evidence previously of record, and does not relate to an unestablished fact.


CONCLUSIONS OF LAW

1. The May 1997 Board decision that denied the appellant's claim for entitlement to service connection for an acquired psychiatric disorder is final. 38 U.S.C.A. § 7104 (West 2014); 38 C.F.R. § 20.1104 (2014).

2. Evidence received since the May 1997 decision is not new and material, and reopening of the appellant's claim for entitlement to service connection for schizophrenia is thus not warranted. 38 U.S.C.A. § 5108 (West 2014); 38 C.F.R. § 3.156(a) (2014).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). In the present case, required notice was provided by letters dated December 2005 and March 2006. See Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004); Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 486 (2006); Kent v. Nicholson, 20 Vet. App. 1 (2006). 

As to VA's duty to assist, all necessary development has been accomplished. See Bernard v. Brown, 4 Vet. App. 384 (1993). The appellant's service treatment records have been obtained, as have relevant private medical records and social security records identified by the appellant. 

The Board notes that in a December 2012 statement, the appellant claimed that VA failed in its duty to assist by failing to obtain the appellant's service treatment records from his time in the National Guard. The appellant, however, has never claimed that he was treated for mental health during his periods of ACDUTRA or INACDUTRA. Furthermore, the appellant's file contains records from his time in the National Guard, including a quadrennial examination from September 1980. The examination does not note any mental problems, and contains a certification by the appellant that there had been no change in his mental or physical condition since his August 1976 induction examination. Other records in the claims file include a July 1977 record of treatment for a bee sting and physical fitness reports dated June 1979 and July 1980. Given the breadth of time covered by the records present, and absent any claim of specific treatment not reflected in the records, the Board is satisfied that there are no more relevant service treatment records to obtain. 

The appellant has not been provided with a VA examination. VA's statutory duty to provide a VA examination in a service connection claim that has been previously denied by a final decision does not attach until the claim has been reopened based on the submission of new and material evidence. 38 C.F.R. § 3.159(c)(4)(iii). As explained below, the appellant has not submitted new and material evidence here and therefore a VA examination or medical opinion is not required. 

Therefore, VA has satisfied its duties to notify and assist, additional development efforts would serve no useful purpose, and there is no prejudice to the appellant in adjudicating this appeal. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994).

New and Material Evidence

Unappealed rating decisions are final with the exception that a claim may be reopened by submission of new and material evidence. When a veteran seeks to reopen a claim based on new evidence, VA must first determine whether the additional evidence is "new and material." Second, if VA determines that new and material evidence has been added to the record, the claim is reopened and VA must evaluate the merits of the veteran's claim in light of all the evidence, both new and old. Manio v. Derwinski, 1 Vet. App. 140 (1991); Barnett v. Brown, 83 F.3d 1380, 1383 (Fed. Cir. 1996); Butler v. Brown, 9 Vet. App. 167, 171 (1996).

In determining whether the evidence presented or secured since the prior final disallowance of the claim is new and material, the credibility of the evidence is generally presumed. Cox v. Brown, 5 Vet. App. 95, 98 (1993); Justus v. Principi, 3 Vet. App. 510, 513 (1992).

Under the applicable provisions, new evidence means existing evidence not previously submitted to agency decision makers. Material evidence means existing evidence that, by itself or when considered with the previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim. 38 C.F.R. § 3.156(a). 

The United States Court of Appeals for Veterans Claims (Court) has held that the determination of whether newly submitted evidence raises a reasonable possibility of substantiating the claim, in the final sentence of 38 C.F.R. § 3.156(a), does not create a third element in the reopening process, but is a component of the question of what is new and material evidence, rather than a separate determination to be made if evidence is new and material. See Shade v. Shinseki, 24 Vet. App. 110, 117 (2010) (noting that 38 U.S.C.A. § 5108 requires only new and material evidence to reopen).

The Court further held that 38 C.F.R. § 3.156 "suggests a standard that would require reopening if newly submitted evidence, combined with VA assistance and considering the other evidence of record, raises a reasonable possibility of substantiating the claim." Id. Further, the Board should not focus solely on whether the evidence remedies the principal reason for denial in the last prior decision, and regulations do not require new and material evidence as to each previously unproven element of a claim. Id. Rather, the Board should focus on whether the evidence, taken together, could at least trigger the duty to assist by providing a medical opinion. Id.; see also McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006).

Regardless of any RO determinations that new and material evidence has been submitted to reopen service connection, the Board must still determine whether new and material evidence has been submitted in this matter. Jackson v. Principi, 265 F.3d 1366, 1369 (Fed. Cir. 2001) (reopening after a prior unappealed RO denial).

Service Connection

Service connection for VA compensation purposes will be granted for a disability resulting from disease or personal injury incurred in the line of duty or for aggravation of a pre-existing injury in the active military, naval or air service. See 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). The term "active military, naval or air service" is further defined as (1) active duty or a period of ACDUTRA during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in line of duty, and (2) any period of INACDUTRA during which the individual concerned was disabled or died from an injury incurred or aggravated in line of duty. See 38 U.S.C.A. § 101(24). Service connection for disability arising from inactive duty training is permitted only for injuries, not diseases, incurred or aggravated in the line of duty, (with the exceptions for acute myocardial infarction, a cardiac arrest, or a cerebrovascular accident, not pertinent here). See Brooks v. Brown, 5 Vet. App. 484, 485 (1993).

Generally, in order to qualify for VA benefits, a claimant must be a veteran. See Dingess v. Nicholson, 19 Vet. App. 473, 484 (2006) (status as a "veteran" is one of the five elements of a claim for service-connection benefits). One of the benefits administered by VA that is reserved specifically for veterans is disability compensation. Accordingly, in order to establish his entitlement to disability compensation benefits, he or she must first establish "veteran" status. 

The term "veteran" is defined in 38 U.S.C.A. § 101(2) as "a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable." The term "active military, naval, or air service" includes (1) active duty, (2) any period of ACDUTRA during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in line of duty, and (3) any period of INACDUTRA during which the individual concerned was disabled or died from an injury incurred or aggravated in line of duty. 38 U.S.C.A. § 101(24); 38 C.F.R. § 3.6(a); see Biggins v. Derwinski, 1 Vet. App. 474, 477-78 (1991).

ACDUTRA is defined, in part, as "full-time duty in the Armed Forces performed by reserves for training purposes." 38 U.S.C.A. § 101(22); 38 C.F.R. § 3.6(c). The term INACDUTRA is defined, in part, as duty, other than full- time duty, under sections 316, 502, 503, 504, or 505 of title 32 [U. S. Code] or the prior corresponding provisions of law. 38 U.S.C.A. § 101(23); 38 C.F.R. § 3.6(d).

While service on active duty alone is sufficient to meet the statutory definition of veteran, service on ACDUTRA (or INACDUTRA), without more, will not suffice to give one "veteran" status. Donnellan v. Shinseki, 24 Vet. App. 167, 172 (2010). Before veteran status can be established for a period of such service, it must first be established that a claimant was disabled from a disease or injury incurred or aggravated in line of duty during ACDUTRA, or that he or she was disabled from an injury incurred or aggravated in line of duty during INACDUTRA. 

Pertinent to any discussion of aggravation is the presumption of soundness. Every veteran shall be taken to have been in sound condition when examined, accepted and enrolled for service, except as to defects, infirmities, or disorders noted at the time of examination, acceptance, and enrollment, or where clear and unmistakable (obvious or manifest) evidence demonstrates that the injury or disease (1) existed before acceptance and enrollment and (2) was not aggravated by such service. 38 U.S.C.A. § 1111; 38 C.F.R. § 3.304. Only conditions as are recorded in examination reports are to be considered as noted. 38 C.F.R. § 3.304(b). For veterans who have achieved "veteran" status through a prior period of duty and claim a disability incurred only during a later period of ACDUTRA, the presumption of soundness applies, but only when the veteran has been "examined, accepted, and enrolled" for the period of ACDUTRA, and where that examination revealed no "defects, infirmities, or disorders." Smith v. Shinseki, 24 Vet. App. 40, 45-46 (2010).

Ordinarily, a pre-existing injury or disease will be considered to have been aggravated by active military, naval, or air service, where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease. 38 U.S.C.A. § 1153; 38 C.F.R. § 3.306(a). However, the presumption of aggravation is not applicable to periods of ACDUTRA or INACTDUTRA. Smith v. Shinseki, 24 Vet. App. 40, 48 (2010). Because the "active military, naval, or air service" that, under 38 U.S.C.A. § 1153, is a prerequisite for benefits based on a theory of aggravation, the Court has held that the term "aggravated" as it is used in section 101(24)(B) means that in order for a claimant to have active service that qualifies him to be a "veteran," the evidence must establish that during a period of ACDUTRA he or she experienced an increase in disability and that such increase was beyond the natural progress of that disease or injury. Donnellan v. Shinseki, 676 F.3d 1089 (2012).

Just establishing that a disability worsened during service is not enough, since the presumption of aggravation does not apply where a claim is based on a period of ACDUTRA or INACDUTRA. See Smith, 24 Vet. App. at 48 n.7. Furthermore, temporary or intermittent flare-ups of a pre-existing condition during service are not sufficient to be considered aggravation of the condition, unless the underlying condition, as contrasted to symptoms, worsens. See Jensen v. Brown, 4 Vet. App. 304, 306-07 (1993); Hunt v. Derwinski, 1 Vet. App. 292 (1991).
In addition, the presumption of service connection for certain chronic diseases, including psychoses, manifesting to a degree of 10 percent within one year following discharge from service, is not available for claims based on periods of ACDUTRA. See 38 C.F.R. § 3.307(a)(1). 

In determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the claimant prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C.A. § 5107; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). When there is an approximate balance of positive and negative evidence regarding any issue material to the determination, the benefit of the doubt is afforded the claimant.

Analysis

The appellant's initial claim for service connection for an acquired psychiatric disorder, to include schizophrenia, was denied by the Board in a decision dated April 1988. The denial was based on a finding that the appellant's schizophrenia was not related to his periods of ACDUTRA. No appeal was filed and the decision became final. See 38 U.S.C.A. § 7104; 38 C.F.R. § 20.1100.

Subsequent claims to reopen were denied for lack of new and material evidence in rating decisions dated August 1988, November 1988, and February 1992. None of these decisions were appealed. 

The appellant filed a claim for an acquired psychiatric disorder, to include posttraumatic stress disorder (PTSD), which was denied in a November 1992 rating decision. A subsequent claim to reopen was denied by the Board in a May 1997 decision. The basis of both denials at the RO level was that the appellant was determined not to have PTSD brought on by stressors meeting the requirements of 38 C.F.R. § 3.304(f). The Board's May 1997 decision, however, was based on a finding that even if the appellant had PTSD, it was not shown to be associated with any period of ACDUTRA. Because the appellant did not appeal this decision, the Board finds it to be final. See 38 U.S.C.A. § 7104; 38 C.F.R. § 20.1104.

The Board notes that the appellant's claims for schizophrenia and PTSD are identical apart from the differing diagnoses offered by the appellant's treating psychiatrists. In both claims, the appellant has stated that the same incident caused the same psychological breakdown. Furthermore, the Board's May 1997 decision denying service connection for PTSD was based on the exact same reasoning as the RO's February 1992 decision denying service connection for schizophrenia. The Board therefore finds that the May 1997 Board decision is the most recent final decision denying the appellant's claim for all acquired psychiatric disorders, to include schizophrenia. See Clemmons v. Shinseki, 23 Vet. App. 1 (2009) (holding that though a claimant may only seek service connection for one acquired psychiatric disorder, the claim "cannot be limited only to that diagnosis, but must rather be considered a claim for any mental disability that may be reasonably encompassed").

The basis of the prior denials of the appellant's claim is that all of his statements and evidence indicate that his schizophrenia arose during a period of INACDUTRA. Specifically, the appellant has stated consistently since his original December 1986 claim that his schizophrenia arose on the second day of his weekend INACDUTRA meeting in August 1980, when an officer suggested that he might be sent to combat in Central America. The appellant was subsequently hospitalized for schizophrenia in December 1980, and was eventually discharged from the National Guard.

Since May 1997, the appellant has submitted voluminous amounts of written statements and private medical treatment records. At no point, however, has the appellant ever stated that his schizophrenia began at a time other than the second day of his weekend INACDUTRA meeting in August 1980. As discussed above, service connection is not available for diseases which arise during periods of INACDUTRA. See Brooks v. Brown, 5 Vet. App. 484, 485 (1993). Thus, the appellant's schizophrenia is not eligible for service connection. Indeed, upon learning of this explanation in the September 2009 statement of the case, the appellant filed an October 2010 claim for nonservice-connected benefits, which has not yet been adjudicated by the RO and is therefore outside of the scope of this appeal. At the appellant's September 2014 hearing, he again stated that he understood that his condition was not service connected, and asked for nonservice-connected benefits.

Because the appellant's final period of ACDUTRA was in July 1980, the Board finds that his evidence that his schizophrenia began in August 1980 cannot establish that his schizophrenia is related to a period of ACDUTRA. All of the new evidence is therefore immaterial as it does not relate to an unestablished fact necessary to substantiate the benefit sought on appeal, and is otherwise cumulative or redundant of the evidence of record at the time of the May 1997 denial with regard to whether the appellant's schizophrenia was related to a period of ACDUTRA. As evidence of an in-service incurrence or aggravation of a disease or injury is an essential element of any service connection claim, the evidence is not new and material. The Board finds that no new and material evidence has been submitted at any time since the May 1997 decision, and reopening of the claim is therefore not warranted.


ORDER

New and material evidence having not been received, the appeal to reopen the claim for service connection for right ear hearing loss disability is denied.



____________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs