http://www.va.gov/vetapp16/Files3/1626408.txt

Citation Nr: 1626408 
Decision Date: 06/30/16 Archive Date: 07/11/16

DOCKET NO. 07-31 831 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas

THE ISSUE

Entitlement to service connection for pes planus.

REPRESENTATION

Appellant represented by: The American Legion

WITNESSES AT HEARING ON APPEAL

The Veteran and his sister

ATTORNEY FOR THE BOARD

David Gratz, Counsel

INTRODUCTION

The Veteran served on active duty from April 1974 to July 1974.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a March 2012 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in North Little Rock, Arkansas.

The Veteran and his sister testified before a now-retired Veterans Law Judge (VLJ) at a videoconference hearing in May 2008. A transcript of the hearing is associated with the claims file. In March 2016, the Veteran informed VA that he does not want another hearing before the Board, notwithstanding the fact that the VLJ before whom he testified in May 2008 is no longer employed by the Board. 38 C.F.R. § 20.707.

In July 2010, the Board reopened the Veteran's claim and remanded the case for consideration on the merits by the RO. The case has returned to the Board for appellate review.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

FINDING OF FACT

The Veteran's preservice pes planus increased in severity during service, and there is no clear and unmistakable evidence to rebut the presumption of aggravation.

CONCLUSION OF LAW

The criteria for establishing entitlement to service connection for pes planus have been met. 38 U.S.C.A. §§ 1110, 1154(a), 5107(b) (West 2014); 38 C.F.R. §§ 3.102, 3.303, 3.306 (2015).

REASONS AND BASES FOR FINDING AND CONCLUSIONS

The Veteran contends in his October 2007 substantive appeal that "I was discharge[d] from the Army because of flat feet....I had trouble with my feet when I was in Basic and AI Training."

At his May 2008 Board videoconference hearing, the Veteran testified that he withdrew from service because his feet were hurting too badly. See transcript, p. 4. He further stated that he was given arch supports in service, but "they [were not] doing any good," and "they were putting blisters on my feet." Id., p. 5. He further asserted that his military boots aggravated his pes planus because "we stood on our feet all day long," and "marching up and down in the military is painful." Id., pp. 10-11.

The Veteran's sister testified that when the Veteran came back from service, "he really [could not] walk very far." Id., p. 9. She testified that prior to service, "he ran around and did everything everybody else did," and that "when he came back from the military, then we could notice the difference in his walk and with his feet." Id., p. 10.

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 253 (1999); Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed. Cir. 1996) (table).

The United States Court of Appeals for the Federal Circuit (Federal Circuit) has distinguished between those cases in which the preexisting condition is noted upon entry into service, and those cases in which the preexistence of the condition must otherwise be established. See Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004); Davis v. Principi, 276 F.3d 1341, 1345 (Fed. Cir. 2002); Horn v. Shinseki, 25 Vet. App. 231, 234 (2012); see also 38 U.S.C. § 1111 (presumption of sound condition). "[I]f a preexisting disorder is noted upon entry into service, the veteran cannot bring a claim for service connection for that disorder, but the veteran may bring a claim for service-connected aggravation of that disorder." Wagner, 370 at 1096; see also 38 U.S.C. § 1153; 38 C.F.R. § 3.306. In such claims, the Veteran has the burden of showing that there was an increase in disability during service to establish the presumption of aggravation. See Wagner; Jensen v. Brown, 19 F.3d 1413, 1417 (Fed. Cir. 1994). If the claimant meets his burden of demonstrating an increase in service, the disability is presumed to have been aggravated in service, and the burden is on the Secretary to rebut that presumption. Horn, 25 Vet. App. at 234; 38 U.S.C. § 1153; 38 C.F.R. § 3.306. To rebut that presumption, the Secretary must show, by clear and unmistakable evidence, that the worsening of the condition was due to the natural progress of the disease. Horn, 25 Vet. App. at 235 n. 6; 38 U.S.C. § 1153.

To be "noted" within the meaning of the presumption of soundness statute, the condition must be recorded in the entrance examination report. 38 C.F.R. § 3.304(b); see also 38 U.S.C. § 1111; Crowe v. Brown, 7 Vet. App. 238, 245 (1994).

Here, the Board finds that the condition of pes planus was noted upon entry into service in the Veteran's April 1974 Report of Medical Examination. Based upon this report, the Board finds that because the condition of pes planus was diagnosed on the Veteran's entrance examination, the condition was "noted" upon entry into service. Verdon, 8 Vet. App. at 530; 38 C.F.R. § 3.304(b). Consequently, to the extent the Veteran seeks compensation for disability resulting from his pes planus, the burden is on him to demonstrate an increase in disability during service, which would serve to establish the presumption of aggravation. See Wagner; Jensen v. Brown, 19 F.3d 1413, 1417 (Fed. Cir. 1994); Horn, 25 Vet. App. at 235 n. 6.

The Veteran has met his burden to demonstrate an increase in his pes planus disability during service. Specifically, no complaint or finding of pain was made in the April 1974 Report of Medical Examination on service entry. Further, the Veteran denied experiencing any "Foot trouble" in his April 1974 entrance Report of Medical History. By contrast, the Veteran sought treatment for painful pes planus during service twice in July 1974, and was provided with arch supports and pain medication. Moreover, as recounted above, the Veteran and his sister testified in May 2008 that his pes planus worsened during service. Consequently, the presumption of aggravation applies. 38 C.F.R. § 3.306.

The Board further finds that there is no clear and unmistakable evidence that the worsening of the Veteran's pes planus condition was due to the natural progress of the disease. 38 C.F.R. § 3.306. The January 2015 VA examiner was only able to find that "it is less likely as not that his pes planus was aggravated permanently beyond the natural progression of the disease by his military service." The less likely than not standard is less exacting than the clear and unmistakable evidence standard required by 38 C.F.R. § 3.306. As such, the January 2015 VA examiner's opinion is insufficient to rebut the presumption of aggravation. No other evidence sufficient to rebut the presumption of aggravation is of record. Thus, the Board cannot find that the Veteran's preexisting pres planus condition clearly and unmistakably was not aggravated by service. Laposky v. Brown, 4 Vet. App. 331, 334 (1993) (the clear and unmistakable evidence standard is an "onerous" one.)

Based on the above, the Board finds that the evidence is at least in equipoise as to whether the Veteran's pes planus is related to service. Thus, resolving all reasonable doubt in the Veteran's favor, the Board finds that service connection is warranted for his pes planus. 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102.

ORDER

Service connection for pes planus is granted.

____________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals
Department of Veterans Affairs