﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 191125-45834
DATE: July 31, 2020

ORDER

Entitlement to service connection for bilateral pes planus is denied. 

FINDING OF FACT

The Veteran's preexisting bilateral pes planus was noted on entrance into service and clearly and unmistakably was not aggravated beyond its natural progression as a result of such service.

CONCLUSION OF LAW

The criteria for service connection for bilateral pes planus are not met. 38 U.S.C. §§ 1110, 1131, 1153, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.306.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served in active duty in the Marine Corps from June 1974 to Dec 1978. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs’ (VA’s) decision on their claim to seek review.

This matter comes before the Board of Veterans’ Appeals from a September 2019 AMA rating decision by the Department of Veterans Affairs (VA) Regional Office (RO). The Veteran submitted a timely Form 10182 in November 2019, which has perfected this appeal before the Board. He requested review of his claim under the Direct Review option. Under this option, the Board reviews the same evidence of record at the time of the Agency of Original Jurisdiction’s (AOJ) decision.

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is deciding the claim of entitlement to service connection for bilateral pes planus, it may not consider this evidence in its decision. 38 C.F.R. § 20.300. The Veteran may file a Supplemental Claim and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim, considering the new evidence in addition to the evidence previously considered. Id. Specific instructions for filing a Supplemental Claim are included with this decision.

Service Connection

Generally, service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

A veteran who served after December 31, 1946, is presumed to be in sound condition when examined, accepted and enrolled for service, except as to defects, infirmities, or disorders noted at entrance into service, or where clear and unmistakable (obvious and manifest) evidence demonstrates that an injury or disease existed prior thereto and was not aggravated by such service. Only such conditions as are recorded in the examination reports are to be considered as noted. 38 U.S.C. §§ 1111, 1137; 38 C.F.R. § 3.304.

The presumption of soundness attaches only where there has been an induction examination in which the later complained-of disability was not detected. Bagby v. Derwinski, 1 Vet. App. 225 (1991). The regulation provides expressly that the term noted denotes only such conditions as are recorded in the examination reports and that a history of pre-service existence of conditions recorded at the time of examination does not constitute a notation of such conditions. 38 C.F.R. § 3.304(b)(1). Crowe v. Brown, 7 Vet. App. 238 (1994); Contant v. Principi, 17 Vet. App. 116 (2003). 

A preexisting injury or disease, noted upon entry into service, will be considered to have been aggravated by service where there is an increase in disability during such service, unless there is a specific finding that the increase in disability is due to the natural progress of the disease. 38 U.S.C. § 1153; 38 C.F.R. § 3.306. Aggravation may not be conceded where the disability underwent no increase in severity during service on the basis of all the evidence of record pertaining to the manifestations of the disability prior to, during, and subsequent to service. 38 U.S.C. § 1153; 38 C.F.R. § 3.306(b). The claimant has the burden of showing that there was an increase in disability during service to establish the presumption of aggravation. See Wagner v. Principi, 370 F.3d 1089, 1096 (Fed. Cir. 2004); Jensen v. Brown, 19 F.3d 1413, 1417 (Fed. Cir. 1994). Here, the Veteran was noted to have bilateral pes planus on his November 1973 enlistment examination upon service entrance. Therefore, he has the burden to show there was an increase in his disability during service, to establish the presumption of aggravation.

Furthermore, in determining whether service connection is warranted for a disability, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a preponderance of the evidence is against the claim, in which case the claim is denied. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

1. Service connection for bilateral pes planus is denied.

The Veteran contends that his preexisting bilateral pers planus was aggravated while in service. As noted above, the Veteran’s pes planus was noted on service entrance. Hence, direct service connection is not available.

In the service treatment records, it was noted that the Veteran complained of his bilateral pes planus in January 1975. However, there were no other further complaints in his records during service. 

After separation, the Veteran was referred to a podiatrist in March 2004, but there were no complaints of bilateral pes planus. Again, he went for an annual examination with a podiatrist in April 2005. However, the Veteran stated he had no problems and his bilateral pes planus was not noted. In February 2017, the Veteran visited his podiatrist, yet there was no mention of his bilateral pes planus in his records and further throughout other visits. In August 2019, the Veteran’s private podiatrist noted that he had a history of moderate fascitis associated with his diabetes. However, there are no recorded complaints of the Veteran’s bilateral pes planus. 

There are several etiology opinions of record. When faced with conflicting medical opinions, the Board may favor one medical opinion over the other. See Evans v. West, 12 Vet. App. 22, 30 (1998), citing Owens v. Brown, 7 Vet. App. 429, 433 (1995). Each opinion is addressed below.

In the June 2019 VA examination, the examiner opined that the claimed condition, which clearly and unmistakably existed prior to service, was not aggravated beyond its natural progression by an in-service event, injury or illness. She reasoned that although the Veteran was noted to have bilateral pes planus at entrance of service and was treated for his bilateral pes planus once during service, he did not start to complain about his bilateral pes planus until he was treated in November 2016, which was 38 years following his discharge. She concludes there is no evidence of aggravation or chronicity of the Veteran’s condition. The examiner considered all evidence of record after thorough review of the claims file, including lay statements properly weighed. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2009); Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007) (“[A] medical opinion…must support its conclusion with an analysis the Board can consider and weight against contrary opinion”). This opinion is being afforded significant probative weight.

A September 2019 opinion from Dr. A. A., a VA physician, indicates that the Veteran has been getting more flat-footed over the past several years as his arches have gotten flatter and he was noticing pain in his feet. The provider noted that the Veteran’s flat feet started when he was in service but the problem was ignored or not taken seriously at that time and the never thought about complaining about his symptoms at that time because they were not severe. However, this opinion appears to be based on an inaccurate factual premise, namely that the Veteran’s pes planus did not preexist service. See Reonal v. Brown, 5 Vet. App. 460, 461 (1993) (an opinion based on an inaccurate factual premise has no probative value). Moreover, the opinion was not provided to the degree of specificity required to support the contention that the preexisting bilateral pes planus was aggravated by service. This opinion is therefore afforded little, if any, probative weight.

An October 2019 opinion from Dr. H.H., a podiatrist, who stated that the Veteran had painful plantar fasciitis that requires orthotics as well as a painful antalgic gait secondary to flat feet. The provider noted that the Veteran had flat feet symptoms that began in service and have gotten progressively worse since that time. However, this opinion appears to be based on an inaccurate factual premise, namely that the Veteran’s pes planus did not preexist service. See Reonal v. Brown, supra. Moreover, the opinion was not provided to the degree of specificity required to support the contention that the preexisting bilateral pes planus was aggravated by service. This opinion is therefore afforded little, if any, probative weight.

The Board acknowledges the Veteran's contentions and sincere belief that his bilateral pes planus was aggravated by service. The Veteran is competent to report the type of symptoms he experienced in and after service, as this is observable through the five senses. See Layno v. Brown, 6 Vet. App. 465 (1994). However, where the determinative issue is one of medical causation, only those with specialized medical knowledge, training or experience are competent to provide evidence on the issue. See Jones v. Brown, 7 Vet. App. 134, 137 (1994). The Veteran has the burden of showing that his bilateral pes planus increased in severity while in service. However, besides the once reported January 1975 treatment during service, the Veteran has not provided any evidence of an in-service event or injury that aggravated his bilateral pes planus. Moreover, he did not seek treatment again for his bilateral pes planus until 38 years after service. Therefore, the Veteran’s statements about the aggravation of his bilateral pes planus during service does not have probative weight.

The Veteran did not meet the burden of proof to establish the presumption of aggravation based on his preexisting bilateral pes planus. Therefore, the Board concludes that the preponderance of the evidence is against finding that the Veteran meets the criteria for the presumption of aggravation of his bilateral pes planus. In reaching the conclusion above, the Board considered the doctrine of reasonable doubt, however, as the preponderance of the evidence is against the Veteran’s claim, the doctrine is not for application. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

KRISTY L. ZADORA

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Adeyemi, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.