**Brian E. ROUTEN, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 95–673.**

United States Court of Veterans Appeals.

April 9, 1997.

Craig M. Kabatchnick was on the pleadings for appellant.

Mary Lou Keener, General Counsel; Ron Garvin, Assistant General Counsel; R. Randall Campbell, Deputy Assistant General Counsel; and Leonard Vecchiollo, Washington, DC, were on the pleadings for appellee.

Before FARLEY, HOLDAWAY, and STEINBERG, Judges.

FARLEY, Judge, filed the opinion of the Court. STEINBERG, Judge, filed a dissenting opinion.

FARLEY, Judge:

This is an appeal from an April 4, 1995, decision of the Board of Veterans' Appeals (BVA or Board) which determined that new and material evidence had not been submitted to reopen the appellant's claim for service connection for psoriasis. The appellant filed a motion to remand, or for acceptance of the motion in lieu of a brief, and for a stay of proceedings. The Secretary filed a response contesting the grounds upon which the appellant proposes a remand, but requesting a remand on a separate ground. This appeal is timely and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will deny the motions for remand, accept the motions in lieu of briefs, and affirm the Board's decision.

### I.

The appellant served on active duty in the U.S. Navy from December 1977 to October 1978. Record (R.) at 56. He had attempted to join in April 1977 but was disqualified for service due to psoriasis on both legs. R. at 19–20. In July 1977, the appellant's private physician wrote a letter stating that he had been treating the appellant for the rash on his legs and believed it to be an "eczematous patch ... with some secondary infection." R. at 23. His service entrance examination was changed to read "eczema, only episod[ic], now clear." R. at 20.

While in service, the appellant was treated for scaling on the knees, elbows, and palms (see R. at 19–54) and was subsequently diagnosed with psoriasis (R. at 34). He continued to suffer from psoriasis throughout service, though it improved slightly. Finally, in September 1978, a navy physician recommended discharge, noting that the appellant's psoriasis was not aggravated in service. R. at 44. A September 1978 report by the medical board rendered a final diagnosis of psoriasis vulgaris and found that the condition had existed prior to service and was not aggravated in service. R. at 50. The report noted that the appellant had stated that he had developed this problem approximately two years prior to enlistment in the Navy. R. at 49. The appellant was subsequently discharged.

In January 1979, the appellant filed a claim for service connection for psoriasis. R. at 58. Later that month, the VA regional office (RO) issued a rating decision denying the appellant's claim. The RO noted that the appellant's condition was neither "incurred in nor aggravated by his short period of active duty." R. at 61. The RO found that psoriasis was noted on the entrance examination and that the appellant had a history of treatment prior to service and shortly after entry into service. *Ibid.* The RO's decision was confirmed in July 1979 and became final.

The appellant sought to reopen his claim in May 1988, and was advised to submit new and material evidence related to the issue of aggravation in service. In September 1992, the appellant submitted medical records in support of his claim. R. at 87–126. The post-service medical records showed diagnoses of and treatment for psoriasis, which often was quite severe. In December 1992, the RO confirmed its previous rating decision after finding that the newly submitted medi-

cal records did not show that the appellant's psoriasis was incurred in or aggravated by service. R. at 130.

In May 1993, the appellant filed an appeal with the BVA. R. at 149. The Board found that the "[e]vidence received since the January 1979 unappealed rating decision is not new and material to reopen the [appellant's] claim [for] service connection for psoriasis." The appellant thereafter appealed to this Court.

## II.

The Secretary shall reopen a previously disallowed claim upon the presentation by the claimant of new and material evidence. 38 U.S.C. § 5108. The issue of whether evidence is new and material is a conclusion of law which the Court reviews de novo. *Beausoleil v. Brown,* 8 Vet.App. 459, 463 (1996). The Secretary must perform a two-step analysis when a veteran seeks to reopen a final decision based on new and material evidence. *Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991). First, it must determine whether the evidence presented or secured since the last final disallowance is "new and material." *Ibid; see also Edenfield v. Brown,* 8 Vet.App. 384, 389–90 (1995) (en banc) (holding that a denial on the merits and a determination that a claim is not well grounded both constitute a "disallowance" of a claim). If it is, the Board must then reopen the claim and review the new evidence "in the context of" the old to determine whether the prior disposition of the claim should be altered. *Manio,* 1 Vet.App. at 145; *Jones v. Derwinski,* 1 Vet.App. 210, 215 (1991).

In *Evans v. Brown,* 9 Vet.App. 273, 283 (1996), this Court stated that step one of the *Manio* two-step process, the determination of whether the evidence is new and material, involves three questions. The first question is whether the newly presented evidence is actually "new" in the sense that it was not of record at the time of the last final disallowance of the claim and is not merely cumulative of other evidence of record. *Ibid.; Struck v. Brown,* 9 Vet.App. 145, 151 (1996). The second question is whether the evidence is "probative" of the "issue at

hand." *Evans,* 9 Vet.App. at 283. Evidence is "probative" when it "tend[s] to prove, or actually prov[es] an issue." BLACK'S LAW DICTIONARY 1203 (6th ed. 1990). The third question is whether, in light of all of the evidence of record, there is a reasonable possibility that the outcome of the claim on the merits would be changed. *Dolan v. Brown,* 9 Vet.App. 358, 361 (1996); *Evans,* 9 Vet.App. at 283. Affirmative answers to both materiality questions are required in order for "new" evidence to be "material." *Ibid.; Blackburn v. Brown,* 8 Vet.App. 97, 102 (1995). As to those two "materiality" components, the evidence is presumed credible for the purpose of determining whether the case should be reopened. *Justus v. Principi,* 3 Vet.App. 510, 513 (1992).

The issue in this case is whether the appellant's condition began during service or was aggravated by service. The evidence submitted since the last final disallowance in 1979 includes post-service medical records and the appellant's own statements. While the medical records show post-service diagnoses of psoriasis, often severe, none of this evidence relates the appellant's condition to his service. In addition, the medical reports show that none of the treating physicians opined that the psoriasis had worsened during service. As a result, this newly submitted evidence is not probative of the issue at hand and therefore does not constitute new and material evidence. *See Evans, supra.*

The appellant's own statements that his condition worsened in service are also not probative of the issue at hand. Lay assertions of medical causation, or in this case, of aggravation of a preexisting disease, cannot suffice to reopen a claim under 38 U.S.C. § 5108. *Wilkinson v. Brown,* 8 Vet. App. 263, 268 (1995); *see also Moray v. Brown,* 5 Vet.App. 211, 214 (1993). While the appellant is certainly capable of providing evidence of symptomatology, a layperson is generally not capable of opining on matters requiring medical knowledge, such as the condition causing or aggravating the symptoms. *See Stadin v. Brown,* 8 Vet.App. 280, 284 (1995); *Robinette v. Brown,* 8 Vet.App. 69, 74 (1995).

■ The appellant also contends that the Board erred by not addressing the presumption of soundness under 38 C.F.R. § 3.304(b) and the presumption of aggravation of a preexisting disease under 38 C.F.R. § 3.306. However, the Board was not required to reach these issues unless the claim was reopened. *Cf. Annoni v. Brown*, 5 Vet.App. 463, 467 (1993) (where Court held that benefit of the doubt doctrine does not apply when appellant fails to fulfill threshold burden of submitting new and material evidence); *Gilbert v. Derwinski*, 1 Vet.App. 49, 55 (1990). Since the Court finds that the appellant has not submitted new and material evidence to reopen his claim, these issues will not be addressed here.

### III.

■ In his response the Secretary argues that the BVA decision should be summarily affirmed. Appellee's Response at 7. However, in that same pleading, the Secretary also moves for a remand of the claim to allow de novo review by the BVA in light of a 1992 change in 38 C.F.R. § 3.306(b). The regulation was changed to establish, in certain circumstances, a presumption of aggravation which can only be rebutted by clear and unmistakable evidence. The Secretary, citing *Spencer v. Brown*, 4 Vet.App. 283 (1993), contends that this change in the regulation may give rise to a new entitlement, thus requiring its application to the appellant's claim. However, while it does appear that a change in a law or regulation can constitute new and material evidence under appropriate circumstances, *see Jensen v. Brown*, 19 F.3d 1413 (Fed.Cir.), *on remand*, 7 Vet.App. 27, 28 (1994), the record before the Court compels the conclusion that this appeal does not present such circumstances.

Section 3.306(a) of Title 38, Code of Federal Regulations, provides:

A preexisting injury or disease will be considered to have been aggravated by active military, naval, or air service, *where there is an increase in disability during such service*, unless there is a specific finding that the increase in disability is due to the natural progression of the disease.

(Emphasis added). In *Falzone v. Brown*, the Court held that the presumption of aggravation created by 38 C.F.R. § 3.306 applies only if there is an increase in severity during service. 8 Vet.App. 398, 402 (1995). The Board found as a matter of fact that the newly submitted records "do not show that there was an increase in the severity of [the appellant's] psoriasis" during service. R. at 6. There is a plausible basis in the record for the Board's finding of fact. *See Gilbert*, 1 Vet.App. at 53 (Court cannot overturn factual determinations of the BVA if there is a plausible basis in the record for such determinations). Therefore, the regulation is not applicable to the appellant's claim and the Secretary's motion to remand the claim to the BVA for de novo review in light of the change in 38 C.F.R. § 3.306 will be denied.

### IV.

Upon consideration of the record, the appellant's motion for remand accepted by the Court in lieu of a brief, and the Secretary's response, also accepted in lieu of a brief, the Court holds that the appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal or remand. *Gilbert, supra; see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States*, 899 F.2d 3 (Fed.Cir.1990). The Court also is satisfied that the BVA decision meets the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b). *See Gilbert, supra*. Accordingly, the appellant's motion for remand is denied, the Secretary's motion for remand on other grounds is denied, and the April 4, 1995, decision of the Board of Veterans' Appeals is AFFIRMED.

STEINBERG, Judge, dissenting:

In light of the Court's current precedential authority, I dissent from the result reached in the majority opinion and specifically its holdings (1) that new and material evidence has not been submitted to reopen the claim for service connection for psoriasis, and (2) that the 1992 change in 38 C.F.R. § 3.306(b), making available the presumption of aggravation to claims filed by veterans who served

during peacetime after December 7, 1941, was not invoked so as to apply to the appellant's claim because new and material evidence showing an increase in the severity of the appellant's condition had not been presented and thus that a remand to the Board of Veterans' Appeals (BVA or Board), as proposed by both parties, is not required. I would likely concur in the majority's position—were I to reach the question at this point—that the Board was not required to address the presumptions of soundness under 38 C.F.R. § 3.304(b) and of aggravation under 38 C.F.R. § 3.306 unless the claim was reopened.

I cannot join in the majority's opinion as to the first two holdings because the majority ignores the Court's opinions in *Akins v. Derwinski,* 1 Vet.App. 228, 230 (1991), a case specifically relied upon by the appellant (Motion for Remand at 19; Reply at 4) and clearly relevant to the issue here, and in *Townsend v. Derwinski,* 1 Vet.App. 408, 410 (1991), also clearly relevant to that issue, and because the majority opinion fails to explain how it reached its conclusion that new and material evidence was required on the issue of aggravation before the presumption of aggravation would be applicable even where the 1979 final Department of Veterans Affairs (VA) regional office (RO) decision had not considered that presumption and the April 1995 Board decision here on appeal also did not consider that new presumption in adjudicating the appellant's claim.

### I. Presumption as Evidentiary Basis for Reopening

The issue whether the new presumption of aggravation can alone be a basis for reopening a claim is one that is glossed over by the majority but requires detailed consideration. In *Akins,* the Court noted that "the factual predicate demonstrated by the presumptions [of sound condition and aggravation] have an important evidentiary value and, to that extent, are the functional equivalent of evidence". *Akins,* 1 Vet.App. at 230. The Court held that the presumption of sound condition "provides a basis for reopening the claim" when it is "clear that this evidentiary presumption was not previously considered" and "bears directly and substantially on the issue of entitlement to service connection". *Ibid.*[1] This conclusion in *Akins* was then accepted by the United States Court of Appeals for the Federal Circuit in *Jensen v. Brown,* when that Court stated that "the misapplication of, or ... the alleged complete failure to apply, an evidentiary regulation may be a form of new and material evidence sufficient to reopen a claim". *Jensen,* 19 F.3d 1413, 1415 (Fed.Cir.1994) (citing, *e.g., Corpuz v. Brown,* 4 Vet.App. 110, 113 (1993)). The Court there noted that section 1153 "explains that 'aggravation' requires some increase in the severity of the preexisting condition causally related to military service" and that that statute was "silent about the method or level of proof necessary to establish an increase in severity". *Id.* at 1416. The Federal Circuit noted that the Secretary has the "authority to set out regulations to create rules of evidence directed at the nature and level of proof required to satisfy the substantive requirements of service-connection" and that "[o]ne method is a showing of aggravation". *Jensen,* 19 F.3d at 1416. Although both *Akins* and *Jensen* establish that the presumption of aggravation *can* be the evidentiary basis for reopening, those cases do not explain the circumstances that must exist for that to be the case.

### II. Law on Reopening

The Court's caselaw requires that when there has been a prior disallowance of a claim, new and material evidence is needed before that issue can be revisited. *See Evans v. Brown,* 9 Vet.App. 273 (1996). Under the applicable law, the Secretary must reopen a prior final disallowance of a claim when "new and material evidence" is presented or secured with respect to the basis for the disallowance of that claim. *See* 38 U.S.C. §§ 5108, 7104(b), 7105(c). On a claim to reopen, a "two-step analysis" must be conducted under section 5108. *Manio v. Derwinski,* 1 Vet.App. 140, 145 (1991). The

---

1.  The Court in *Akins v. Derwinski* found that the claim had been properly reopened by a Department of Veterans Affairs (VA) regional office (RO) in 1988 or 1989, but the Court ended up disposing of the case on the ground that clear and unmistakable error had been committed by a 1946 VARO decision. *Akins,* 1 Vet.App. 228, 231–33 (1991).

first step involves a determination as to whether the evidence presented or secured since the last final disallowance of the claim is new and material. *See Evans,* 9 Vet.App. at 283; *Blackburn v. Brown,* 8 Vet.App. 97, 102 (1995); *Cox v. Brown,* 5 Vet.App. 95, 98 (1993); *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). In *Evans,* the Court has broken down this first step into a three-question inquiry: The first question is whether the newly presented evidence is actually "new" in the sense that it was not of record at the time of the last final disallowance (on any basis—merits or otherwise) of the claim and not merely cumulative of other evidence that was then of record. *Evans,* 9 Vet.App. at 283. The second question is whether the "new" evidence is probative of (tends to prove) the "issue[s] at hand" (each issue that was a specified basis for the last final disallowance of the claim). *Ibid.* The third question is whether, if the evidence is new and probative, then, in light of all of the evidence of record, there is a reasonable possibility that the outcome of the claim on the merits would be changed. *Ibid.* Affirmative answers to both materiality questions are required in order for "new" evidence to be "material". *Ibid.*

As to those two "materiality" components, the credibility of the newly presented evidence is generally presumed. *Ibid.; see also Justus v. Principi,* 3 Vet.App. 510, 513 (1992). Also, in looking at the first materiality component (whether the evidence found to be "new" is also probative), "the focus is on the new evidence; as to the second materiality component (whether there is a reasonable

possibility that the outcome on the merits would be changed), the focus is on *all* of the evidence of record rather than just on the new evidence." *Evans,* 9 Vet.App. at 283.

If the evidence satisfies the three *Evans* questions and is thus found to be new and material, then the second step of the *Manio* two-step process applies. The Board must then reopen the claim and "review the former disposition of the claim", 38 U.S.C. § 5108—that is, review all the evidence of record to determine the outcome of the claim on the merits. *See Manio, supra; Jones (McArthur) v. Derwinski,* 1 Vet.App. 210, 215 (1991). A Board determination as to whether evidence is "new and material" for purposes of reopening is a question of law subject to de novo review by this Court under 38 U.S.C. § 7261(a)(1). *See Masors v. Derwinski,* 2 Vet.App. 181, 185 (1992); *Jones,* 1 Vet.App. at 213; *Colvin, supra.*

### III. Factual Basis for Application of Presumption

*A. General.* The caselaw is clear that the presumption applies only if there is evidence of a worsening of the condition during service. The "question whether there has been an increase in disability during service must be answered in the affirmative before the presumption of aggravation attaches". *Verdon v. Brown,* 8 Vet.App. 529, 538 (1996) (citing *Hunt v. Derwinski,* 1 Vet.App. 292 (1991)). Stated another way, as did the Court in *Falzone,* the "presumption of aggravation is applicable only if the preservice disability underwent an increase in severity." *Falzone v. Brown,* 8 Vet.App. 398, 402 (1995).[2] It thus would seem that under

---

**2.** The statutory provision in 38 U.S.C. § 1153 and the regulation promulgated pursuant to that provision, 38 C.F.R. § 3.306(a), both define aggravation in service for purposes of awarding compensation as "an increase in disability". The regulation in 38 C.F.R. § 3.306(b) defines the presumption of aggravation as arising where the "disability underwent an increase in severity". The Court in *Hunt v. Derwinski* considered the three provisions stated above, noting and highlighting the language used in section 1153 and § 3.306(a) and that used in § 3.306(b), and held: "From an examination of the statute and in view of the overall statutory and regulatory scheme, it is clear that aggravation in service is based upon a worsening of the pre-service condition to the extent that a veteran's average earnings capacity has been diminished." *Hunt,* 1 Vet.App. 292,

296 (1991). The Court further held that "temporary or intermittent flare-ups during service of a preexisting injury or disease are not sufficient to be considered 'aggravation in service' unless the underlying condition, as contrasted to symptoms, is worsened." *Id.* at 297. Accordingly, in *Hunt,* after examining the relevant statute and regulations, the Court interpreted the term "aggravation" as used in all three provisions to mean a lasting worsening of the condition—that is, a worsening that existed at the time of separation, *see Hensley v. Brown,* 5 Vet.App. 155, 163 (1993) (holding, as to whether increase must be to next higher rating, that "the presence of a ratable increase in disability at separation would be conclusive of an in-service increase in disability, but the obverse would not be true; that is, the ab-

*Akins* and *Jensen* a presumption provides an evidentiary basis for reopening only if there is evidence of record that meets the criteria for invoking the presumption (that is, evidence that causes the presumption to attach).

I do not believe that this Court has ever expressly reopened a claim based on the mere failure of the BVA or RO in a previous final decision to consider the presumption of aggravation (or sound condition) or based on a new presumption that was not available at the time of the last final decision on the claim. The cases discussing the presumption of aggravation either did not discuss new and material evidence (*see, e.g., Stadin v. Brown,* 8 Vet.App. 280, 284 (1995); *Townsend, supra*) or were original service-connection cases (*see, e.g., Browder v. Brown,* 5 Vet.App. 268 (1993); *Hensley v. Brown,* 5 Vet.App. 155 (1993)) or were reopening cases that reopened on a basis separate from the consideration of the presumption (*see, e.g., Falzone, supra*).

The question, therefore, posed by the facts of this case is as follows: When a new presumption[3] is created subsequent to a prior final disallowance and certain factfinding is required before that presumption applies, and the prior final disallowance included what was apparently a determination based on the old evidence that the factual basis for a finding of "worsening" was not present, must the appellant have **newly presented** evidence to show that factual basis in order to reopen? The majority opinion implicitly says "yes" but fails to provide its reasoning. *Ante* at 187. For the following reasons, I do not believe that such a conclusion can be reached consistent with the Court's existing precedential opinions.

sence of a ratable in-service increase [at separation] would not rule out a determination of an increase in disability"). Subsequent Court opinions have used the terms in the provisions interchangeably in defining aggravation. *See, e.g., Verdon v. Brown,* 8 Vet.App. 529, 538 (1996); *Falzone v. Brown,* 8 Vet.App. 398, 402 (1995).

3. It would appear, as a general matter, that a claim to reopen based on the "factual predicate", *Akins,* 1 Vet.App. at 230, supplied by a new presumption (that is, one that became available after the prior final disallowance) would be on

**B. Precedential Opinion Considering Old Evidence.** In one case, *Townsend, supra,* the Court does appear, quite clearly, to have concluded that the evidentiary basis to trigger the presumption can be supplied by the old evidence. *Townsend* involved a claim to reopen by a war veteran and a previous 1983 RO final disallowance of his claim for service connection based on aggravation of preexisting pes planus; the RO "while acknowledging that appellant's induction examination did not document his foot condition and that severe pes planus was evident at the time of his discharge, denied his claim for service-connected pes planus" on the basis of "generally accepted medical principles". *Townsend,* 1 Vet.App. at 410. Neither the RO in 1983 or 1989, nor the BVA in its 1990 adverse decision there on appeal, mentioned the presumption of aggravation extant at the time of those decisions. The Board had found no aggravation during service, concluding that "the additional evidence received subsequent to [the 1983 RO decision] does not present a new factual basis". *Ibid.* The Court nevertheless reviewed **all the evidence of record** in order to find that the "appellant's foot disorder [had] increased in severity during service". *Ibid.* In remanding the matter, the Court there noted, inter alia, that the Board decision on appeal had not discussed the presumption of aggravation or the way it was rebutted and that the Board had had an obligation to apply relevant law. *Ibid.* The Court in *Townsend* neither discussed whether the appellant had presented new and material evidence nor did it specifically hold or state that the mere failure of the RO in 1983 to consider the presumption in the face of evidence raising the presumption's applicability constituted a basis for reopening. However, it certainly so

firmer footing than a claim to reopen based on the "factual predicate" supplied by a presumption in existence, but apparently ignored, at the time of the prior final disallowance of the claim (as was the case in both *Akins, supra,* and *Jensen v. Brown,* 19 F.3d 1413, 1415 (Fed.Cir.1994)), because with a new presumption it is **clear** that that presumption had not been previously considered. Here, however, we have the complicating factor that the final prior RO decision appears to have made a negative determination as to the factual basis needed to invoke the new presumption.

concluded by implication. *Ibid.* Moreover, it appears clear that all the evidence in the record on appeal cited by the Court as the basis for its conclusion that the foot disorder had increased in severity during service was in-service evidence that had been before the RO in 1983 and had been rejected by the RO at that time. *See ibid.*

## IV. Application of Law to Facts

I conclude that the Board would be required to consider the "new" presumption (in 1992 made available to peacetime veterans) in this case only if there is evidence that there was a worsening of the veteran's condition during service. If the Board can review *all* the evidence of record (including the service medical records), as in *Townsend,* in making such a determination, the evidence in this case appears to support a finding that the veteran's condition worsened (that is, that his disability underwent a lasting increase in severity that existed at the time of separation[4]), the 1992 presumption of aggravation would be triggered and would provide the basis for reopening the claim (under *Akins* and *Jensen*) and a remand would be required because the presumption clearly was not considered by the 1995 Board decision on appeal (*see Dolan v. Brown,* 9 Vet. App. 358 (1996)). Under this scenario, pursuant to applicable law and regulation, only after it is determined that the presumption should be applied does the burden shift to VA to rebut it by clear and unmistakable evidence by pointing to a specific finding that the increase in disability was due to the natural progression of the disease. *See Akins,* 1 Vet.App. at 232.

In the present case, however, there has already been a finding of no aggravation by a VARO in 1979, and this finding, under the reopening law, requires the veteran now to present new and material evidence on aggravation—the issue that formed the basis for that prior disallowance of the veteran's claim.

4. *See supra* note 2.

5. *See also supra* note 2.

6. *See supra* note 3.

7. *See Evans v. Brown,* 9 Vet.App. 273, 286, 288 (1996) (determining that had evidence previously found not to warrant reopening been considered

*Evans,* 9 Vet.App. at 283. The RO in 1979 was not in error in failing to consider the presumption because the presumption of aggravation (§ 3.306) was not available to peacetime veterans at that time. Because the standard for determining aggravation did not change between 1979 and the present (that is, the statutory provision defining aggravation as "an increase in disability during . . . service" was the same in 1979 when it was codified at 38 U.S.C. § 353 (1979) as currently provided in 38 U.S.C. § 1153)[5], the new evidentiary presumption could not, by itself, serve as a basis for reopening the claim under the Court's current law on reopening. *See Evans, supra.* In determining whether "probative" new evidence has been submitted under *Evans,* the Board is limited to evidence submitted since the last final disallowance—the 1979 RO decision. Here the new presumption of aggravation would be both new and probative evidence under *Akins* and *Jensen* if there is an evidentiary basis that would trigger the presumption. The Court has not previously addressed directly whether that evidentiary basis in a reopening case must be provided only by the newly presented evidence or may be found in the "old" evidence.

Hence, I believe that *Townsend,* which is the only Court authority that appears to address the question in the instant case, supports the parties' collective position that this claim should be remanded for the Board to apply the presumption of aggravation to the facts of this case.[6] Were I writing on a blank slate as to this question, I might conclude that the majority's result is compatible with the Court's current caselaw on the requirements that obtain when the Court is faced with a claim to reopen and the extent to which previously rejected evidence already of record may be considered in deciding whether new and material evidence has been presented.[7] However, in light of both par-

as "newly presented" evidence for purposes of current claims to reopen, there would have been new and material evidence to reopen); *cf. Blackburn v. Brown,* 8 Vet.App. 97, 103 (1995) (citing *Reonal v. Brown,* 5 Vet.App. 458 (1993) (holding that medical opinion was not material where it was based on veteran's recitation of events that had already been rejected in previous final deci-

ties' here having proposed a remand and there being strong support for their position in *Townsend, Akins,* and *Jensen,* all *supra,* I believe that any decision to reject that position should come only after the Court receives further briefing by the parties (and perhaps by amici curiae) on this particular question, and thereafter should probably be made by the en banc Court.[8]  *See Bethea v. Derwinski,* 2 Vet.App. 252, 254 (1992) (only en banc Court can overturn panel decision).

### V.  Conclusion

For the foregoing reasons, I believe that the majority has both rushed to judgment in this matter and reached a conclusion on the basis of inadequate consideration and articulation of the relevant caselaw and legal principles implicated by the facts of this case. Hence, I respectfully dissent as to the Court's affirmance at this point.

---

sion on merits) and concluding that evidence, predicated on previously rejected account of events, was not material).

**8.**  I would prefer to reserve judgment on this latter question until after supplemental briefing is received as to the applicability of these cases (*Jensen, supra; Townsend v. Derwinski,* 1 Vet. App. 408 (1991); and *Akins, supra*), and how they can be squared with *Evans, Blackburn,* and *Reonal,* all *supra*.