Citation Nr: 1554500 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 07-06 608 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Chicago, Illinois


THE ISSUE

Entitlement to service connection for a low back disability.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

M. Young, Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from August 1968 to February 1970. This matter is before the Board of Veterans' Appeals (Board) on appeal from a January 2006 rating decision by the Cleveland, Ohio Department of Veterans Affairs (VA) Regional Office (RO). The Veteran's record is now in the jurisdiction of the Chicago, Illinois RO. In September 2010, a Travel Board hearing was held before the undersigned; a transcript is associated with the record. In March 2011 and March 2015 this matter was remanded for additional development.


FINDING OF FACT

A chronic low back disability was not manifested in service and the Veteran's current lumbar strain is not shown to be related to his service, to include as due to any injury sustained therein.


CONCLUSION OF LAW

Service connection for a low back disability is not warranted. 38 U.S.C.A. §§ 1110, 5107 (West 2014); 38 C.F.R. § 3.303 (2015).


REASONS AND BASES FOR FINDING AND CONCLUSION

Veterans Claims Assistance Act of 2000 (VCAA)

The requirements of 38 U.S.C.A. §§ 5103 and 5103A have been met. By correspondence in July 2004 and April 2005, VA notified the Veteran of the information needed to substantiate and complete his claim, to include notice of the information that he was responsible for providing and the evidence that VA would attempt to obtain, as well as how VA assigns disability ratings and effective dates of awards. He has had ample opportunity to respond/supplement the record, and has not alleged that notice was less than adequate.

The Veteran's service treatment records (STRs), service personnel records, pertinent postservice treatment records, and Social Security Administration (SSA) records are now associated with the record. In July 2011 (pursuant to the Board's March 2011 remand), the RO notified the Veteran that records from the Memphis VA Medical Center (VAMC) from the 1970's are unavailable; he was asked to submit any such records in his possession. He was afforded VA examinations in November 2005, April 2011, June 2011 and July 2015, and January 2014 and July 2015 medical advisory opinions were secured. The Board finds the VA examinations and medical opinions (cumulatively) adequate to adjudicate the claims; the reports of examinations note all necessary findings, and the examiners expressed familiarity with the record/the Veteran's medical history and included adequate rationale with all opinions. See Barr v. Nicholson, 21 Vet. App. 303 (2007). The Board finds that there has been substantial compliance with the Board's March 2015 remand. See Dyment v. West, 13 Vet. App. 141, 146-47 (1999); aff'd, Dyment v. Principi, 287 F.3d 1377 (2002). The Veteran has not identified any pertinent evidence that remains outstanding. VA's duty to assist is met. 

In Bryant v. Shinseki, 23 Vet. App. 488 (2010), the United States Court of Appeals for Veterans Claims (Court) held that 38 C.F.R. § 3.103(c)(2) requires that the Veterans Law Judge who conducts a hearing fully explain the issues and suggest the submission of evidence that may have been overlooked. During the September 2010 hearing, the undersigned identified the issue on appeal, noted the elements necessary to substantiate the claim, and identified evidence that would assist in substantiating the claim. A deficiency in the conduct of the hearing is not alleged. The Board finds that the duties set forth in 38 C.F.R. § 3.103(c)(2) were satisfied.

Legal Criteria 

Service connection may be granted for disability due to disease or injury incurred in or aggravated by service. 38 U.S.C.A. § 1110; 38 C.F.R. § 3.303. To substantiate a claim of service connection, there must be evidence of: a current claimed disability; incurrence or aggravation of a disease or injury in service; and a nexus between the disease or injury in service and the current disability. See Shedden v. Principi, 381 F.3d 1153, 1166-1167 (Fed. Cir. 2004). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and the evaluation of its credibility and probative value. Baldwin v. West, 13 Vet. App. 1 (1999); 38 C.F.R. § 3.303(a). 

Service connection may be granted for any disease initially diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303(d). 

If a Veteran engaged in combat with the enemy, the Secretary of VA shall accept as sufficient proof of service connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding that there is no official record of such incurrence or aggravation in such service. 38 U.S.C.A. § 1154(b); 38 C.F.R. § 3.304(d).

A layperson is generally not capable of opining on matters requiring medical knowledge. Routen v. Brown, 10 Vet. App. 183, 186 (1997). However, lay evidence may be competent evidence to establish incurrence. See Davidson v. Shinseki, 581 F. 3d 1313 (Fed. Cir. 2009). Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (e.g., a broken leg), (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). Competent medical evidence is needed where the determinative question is one requiring medical knowledge. Id. 

Competent medical evidence means evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. It may also mean statements conveying sound medical principles found in medical treatises, and may include statements in authoritative writings, such as medical and scientific articles and research reports. 38 C.F.R. § 3.159(a)(1). 

Competent lay evidence means any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a layperson. 38 C.F.R. § 3.159(a)(2).

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990). 

The Board notes that it has reviewed all the evidence in the record. Although the Board has an obligation to provide adequate reasons and bases supporting its decision, there is no requirement that the Board discuss every piece of evidence in the record. Rather, the Board will summarize the relevant evidence, as appropriate, and the Board's analysis will focus specifically on what the evidence shows, or fails to show, as to the claims. See Gonzalez v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000).

The Veteran's service personnel records show he served in combat (however, the disability is not alleged to have been incurred in combat service). He contends that the low back disability resulted from by a motor vehicle accident in service in September 1969. A September 1969 clinical record shows the Veteran was admitted after being involved in a traffic accident. He had sustained an abrasion of the left pre-tibial area and blunt trauma to the anterior chest. The admission diagnosis was abrasion left leg pain, right anterior chest from trauma. The discharge diagnosis was blunt chest trauma, abrasions left leg and gonorrheal urethritis. There was no mention of a back injury. On February 1970 service separation examination, the Veteran's spine and other musculoskeletal were normal on clinical evaluation.

June 1997 to November 2007 VA treatment records include a history of the Veteran being shot in the back and intermittent complaints of low back pain. On July 2004 VA PTSD evaluation the Veteran reported that he was in a vehicle accident in service when his truck fell down a hill, resulting in four persons dying and three hospitalized. He indicated he sustained head, neck, back and shoulder injuries. 

On November 2005 VA joints examination, it was noted that the Veteran's low back disability appeared to be secondary to his knees; the examiner noted that the Veteran's low back hurt when he walked. There were no radicular type symptoms, and no report of a low back injury. On physical examination the impression was normal lumbosacral spine.

In his February 2006 notice of disagreement, the Veteran stated that he was treated at the Memphis VAMC in the early 1970's for a back injury sustained in an automobile accident in Vietnam. He also related that he was treated at the Chicago Westside VAMC in the 1980's. In October 2006 he was seen in the emergency room at Stroger Hospital with complaints of low back pain following a motor vehicle accident. The discharge diagnoses included low back pain. 

At the September 2010 hearing the Veteran testified that his claimed low back disability arose from a 1969 automobile accident. He testified that he was one of seven passengers in an ambulance (he was being transported to have a tooth extracted) that was hit by an "armored" car coming off a hill, and knocked off the hill, falling about 200 feet. He related he was hospitalized for about 12 days for the injuries he sustained, which he claims included to his back. He stated he has not had any additional injuries to his back since separation from service. He reported he was in another automobile accident in 1994 (he was the driver) and stated that it is possible that he could have injured or aggravated his back at that time. In the 1994 accident he went over the steering wheel and hit the windshield and it was possible that his back problem was aggravated by that accident. He noted that he had the back problem prior to the 1994 accident. He stated that prior to the 1994 accident, he complained to VA about back trouble several times. He also explained that he was shot [postservice], but the gunshot wound did not injure his back, as the bullet did not hit his spine. 

On April 2011 VA spine examination, the Veteran denied any past history of lumbosacral spine injury prior service. He stated that during service, he had some back pain (in basic training and while serving in Vietnam). His back pain was never severe enough to require him to go on sick call. When he was discharged from service in February 1970, he went to work in a machine shop and approximately a year after discharge began having some lumbar spine pain. He was allegedly seen at the Memphis VA hospital in December 1970 (primarily for a nervous stomach). He stated he was unaware he was checked over for his back. On examination he reported persistent back (and on occasion right gluteal area) pain. On physical examination there was decreased range of motion of the lumbosacral spine and a slight amount of paralumbar muscle spasm. The impression was mild lumbar spine strain; x-rays were normal. 

A January 2014 VA medical opinion is to the effect that it is less likely than not that the Veteran's lumbar spine strain is related to a September 1969 motor vehicle accident. The provider explained that the Veteran's separation examination and original claim did not identify ongoing back problems. The examiner opined that there is nexus between events in service, especially the motor vehicle accident and his current lumbar strain.

On July 2015 VA spine examination, the Veteran reported he was involved in a motor vehicle accident in 1969. Lumbosacral strain was diagnosed.

In a July 2015 opinion (secured pursuant to a Board remand) a VA orthopedic surgeon opined that the Veteran's claimed back disability is less likely than not (less than 50% probability) incurred in or caused by the claimed injury in service. The examiner explained that there is no evidence of a connection; there is no clearly documented continuum of care from service until 2000.

It is not in dispute that the Veteran now has a low back disability; he has a diagnosis of lumbosacral strain. However, as a low back disability is not shown to have been manifested in service, service connection on the basis that it became manifested in service, and persisted is not warranted. 

Although the Veteran testified at the September 2010 hearing that when he was discharged from the service in February 1970, he began having lumbar spine pain and was seen at the Memphis VA hospital in December 1970, records of such treatment could not be located (significantly he has also indicated that he was then. Seen primarily for nervous stomach complaints). In the absence of any documentation of a back injury in service and continuity of treatment since, and in light of the inconsistency in the Veteran's accounts to be self-serving, compensation-driven, and not credible. See Pond v. West, 12 Vet. App. 341 (1999). The September 1969 treatment record that notes the Veteran's accident in service does not note that there was a back injury at the time. (He sustained abrasions of the left pre-tibial area and blunt trauma to the anterior chest.) The earliest postservice clinical notation referring to the back is in a June 1997 VA treatment record that notes the Veteran was shot in the back and had intermittent complaints of low back pain. Significantly the Veteran's lumbosacral spine was normal on November 2005 VA joints examination. In October 2006 he was discharged from a County hospital with a diagnosis of low back pain upon being evaluated for complaints of low back pain following a motor vehicle accident. The lengthy intervening period between service and the initial postservice documentation of the Veteran's claimed disability and the multiple occasions when he was seen postservice for back complaints following intercurrent postservice injuries weigh heavily against an injury in service being the precipitating factor for the Veteran's current low back disability. 

What remains then is the question of whether in the absence of evidence of a related injury/initial manifestation of a back disability in service, and continuity of complaints/treatment since, the Veteran's current low back disability may somehow otherwise be etiologically related to his service. That is a medical question beyond the scope of resolution by lay observation/common knowledge. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). All of the medical opinions in this matter (outlined above) are against the Veteran's claim. The providers express familiarity with, and cite to the factual data, and the opinions are probative evidence in this matter. In the absence of probative evidence to the contrary, they are persuasive. The Veteran's own opinion in this matter is not competent (and probative) evidence. He is a layperson, and does not cite to supporting medical opinion or medical literature. 

In light of the foregoing, the Board finds that the preponderance of the evidence is against the claim of service connection for a low back disability. Therefore, the benefit-of-the-doubt doctrine does not apply; the appeal in this matter must be denied. 38 U.S.C.A. § 5107(b); 38 C.F.R. § 3.102.


ORDER

Service connection for a low back disability is denied.



____________________________________________
George R. Senyk
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs