﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/29/19

DOCKET NO. 190124-4225
DATE: July 30, 2019

ORDER

Entitlement to service connection for bilateral foot osteoarthritis, to include as due to exposure to Agent Orange, is denied.

Entitlement to service connection for bilateral hip osteoarthritis, to include as due to exposure to Agent Orange, is denied.

Entitlement to service connection for bilateral ankle osteoarthritis, to include as due to exposure to Agent Orange, is denied.

Entitlement to service connection for lumbar spine myositis, to include as due to exposure to Agent Orange, is denied.

Entitlement to service connection for atopic dermatitis, to include as due to exposure to Agent Orange, is denied.

FINDINGS OF FACT

1. The Veteran’s bilateral foot osteoarthritis did not manifest or have its onset during active service, or within one year of service, and is not otherwise related to service. 

2. The Veteran’s bilateral hip osteoarthritis did not manifest or have its onset during active service, or within one year of service, and is not otherwise related to service. 

3. The Veteran’s bilateral ankle osteoarthritis did not manifest or have its onset during active service, or within one year of service, and is not otherwise related to service.

4. The Veteran’s lumbar spine myositis did not manifest or have its onset during active service, or within one year of service, and is not otherwise related to service.

5. The Veteran’s atopic dermatitis did not manifest or have its onset during active service and is not otherwise related to service.

CONCLUSIONS OF LAW

1. The criteria for service connection for bilateral foot osteoarthritis are not met. 38 U.S.C. §§ 1110, 1112, 1113, 1116, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2018). 

2. The criteria for service connection for bilateral hip osteoarthritis are not met. 38 U.S.C. §§ 1110, 1112, 1113, 1116, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2018). 

3. The criteria for service connection for bilateral ankle osteoarthritis are not met. 38 U.S.C. §§ 1110, 1112, 1113, 1116, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2018). 

4. The criteria for service connection for lumbar spine myositis are not met. 38 U.S.C. §§ 1110, 1112, 1113, 1116, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.307, 3.309 (2018). 

5. The criteria for service connection for atopic dermatitis are not met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303, 3.304, (2018). 

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in the VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty in the United States Army from May 1968 to December 1969. This matter originated with the appeal of a February 2015 rating decision by a Regional Office (RO) of the United States Department of Veterans Affairs (VA), which denied service connection for bilateral osteoarthritis of the feet, hips and ankles, lumbar spine myositis, atopic dermatitis and entitlement to a total disability evaluation due to individual unemployability based on service-connected disabilities (TDIU). The Veteran initiated and perfected an appeal in the traditional manner, and these issues were remanded by the Board in February 2018. In August 2018, he opted to take part in the RAMP program. 

He withdrew the pending Legacy appeal and selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the November 2018 RAMP rating decision considered the evidence of record as of the date of the August 2018 election; no additional development takes place. The RAMP decision adjudicated the issues of service connection for bilateral osteoarthritis of the feet, hips and ankles, lumbar spine myositis, and atopic dermatitis. Under the AMA, and consequently under RAMP, the Board is bound by favorable findings made by the RO.

The Board notes that at the time the RO issued the RAMP decision on the five issues addressed herein, the RO directed development pertaining to the Veteran’s claim of entitlement to TDIU. As this development has not yet been accomplished, a RAMP decision on the issue of entitlement to TDIU has not been rendered and the Board does not have jurisdiction over this issue at this time. 

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service. 38 U.S.C. §§ 1110, 1131. Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

In order to establish service connection on a direct basis, the record requires competent evidence showing: (1) the existence of a present disability; (2) in service incurrence or aggravation of an injury or disease; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). In the absence of proof of a present disability there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). 

Some chronic diseases may be presumed to have been incurred in service, if they become manifest to a degree of ten percent or more within the applicable presumptive period. 38 U.S.C. §§ 1101(3), 1112(a); 38 C.F.R. §§ 3.307(a), 3.309(a). For those listed chronic conditions, a showing of continuity of symptoms affords an alternative route to service connection. 38 C.F.R. § 3.303 (b); Walker v. Shinseki, 708 F. 3d 1331 (Fed. Cir. 2013). Arthritis, with a presumptive period of one year following separation from service, is a listed condition.

Regarding service connection due to herbicide exposure, VA laws and regulations provide that if a Veteran was exposed to herbicides during service, certain listed diseases are presumptively service-connected. 38 U.S.C. § 1116h(a)(1); 38 C.F.R. § 3.309(e). A Veteran who served in the Republic of Vietnam between January 9, 1962, and May 7, 1975, is presumed to have been exposed to herbicide. 38 U.S.C. § 1116(f); 38 C.F.R. § 3.307(a)(6)(iii). 38 C.F.R. § 3.309(e) lists the diseases covered by the regulation. Notwithstanding the presumption, service connection for a disability claimed as due to exposure to Agent Orange may be established by showing that it was causally linked to such exposure. Combee v. Brown, 34 F. 3d 1039, 1044 (Fed. Cir. 1994), citing 38 U.S.C.A. § 1113(b) and 1116 and 38 C.F.R. § 3.303.

Competent medical evidence is evidence provided by a person who is qualified through education, training, or experience to offer medical diagnoses, statements, or opinions. Competent medical evidence may also include statements conveying sound medical principles found in medical treatises. It also includes statements contained in authoritative writings, such as medical and scientific articles and research reports or analyses. 38 C.F.R. § 3.159(a)(1). Competent lay evidence is any evidence not requiring that the proponent have specialized education, training, or experience. Lay evidence is competent if it is provided by a person who has knowledge of facts or circumstances and conveys matters that can be observed and described by a lay person. 38 C.F.R. § 3.159(a)(2). This may include some medical matters, such as describing symptoms or relating a contemporaneous medical diagnosis. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011). A layperson is generally not capable of opining on matters requiring medical knowledge. Routen v. Brown, 10 Vet. App. 183, 186 (1997). See also Bostain v. West, 11 Vet. App. 124, 127 (1998).

Osteoarthritis of feet, hips and ankles, and lumbar myositis 

The Veteran asserts that he has bilateral foot, hip and ankle osteoarthritis, as well as lumbar myositis, which are all related to his time in service. 

The Veteran served in the Republic of Vietnam from December 1968 through December 1969, and therefore his exposure to herbicides is conceded. However, arthritis and myositis are not listed presumptive conditions for herbicide exposed Veterans. 

A private treatment record dated January 3, 2014 included an opinion, from Dr. CEMQ, that the Veteran’s bilateral foot, hip and ankle osteoarthritis and his lumbar myositis are “more probable secondary to his performance and Agent Orange contact during military service.” The Board must find the opinion of Dr. CEMQ has no probative value. First, Dr. CEMQ has not offered any rationale for his opinion; there is no reasoning applied to the stated conclusion. Second, there is no indication that DR CEMQ reviewed the Veteran’s medical records or performed an examination of the Veteran. 

The Board finds the Veteran’s osteoarthritis and myositis are not presumed causally related to service as a chronic disease. Evidence does not show, and the Veteran does not contend, that they were noted as chronic in service or that they manifested to a compensable degree within one year after his separation from service in December 1969. Service treatment records are negative for treatment for complaints of foot pain and/or foot injuries, hip pain and/or hip injuries, ankle pain and/or ankle injuries, or back pain and/or back injuries in service. Post-service medical records do not reflect treatment for symptoms and/or a diagnosis of bilateral foot, hip and/or ankle osteoarthritis at any time since the Veteran’s discharge from service; the first showing of lumbar spondyloarthritis is documented in VA treatment records in 2013, 44 years after his discharge from service. Presumptive service connection is therefore not warranted. 

Direct service connection must also be denied. There is no evidence of any injury of the feet, hips, ankles, or back in service; an in-service injury is the first element of service connection. Although the Veteran has expressed his belief in a connection, he lacks the knowledge and training required to render a nexus opinion on a cause and effect relationship unobservable to a lay person. Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011). The Veteran has simply asserted his opinion, without a clear rationale or support; no probative value is given his statements beyond their worth as physical observations.

The competent evidence of record does not show that the Veteran’s claimed bilateral foot, hip and/or ankle osteoarthritis, or lumbar myositis was either caused or aggravated by service; nor does it show that the Veteran experienced symptoms of a foot, hip and/or ankle condition that continued from service until the present. Simply put, there is no competent evidence linking his claimed bilateral foot, hip and/or ankle osteoarthritis to service. Direct service connection is not warranted based on the evidence of record.

Service connection for bilateral foot, hip and/or ankle osteoarthritis is not warranted. There is no reasonable doubt to be resolved in this case. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert, at 1 Vet. App. 49 (1990).

Atopic Dermatitis 

The Veteran asserts that he has atopic dermatitis which is related to his time in service. 

The Veteran served in the Republic of Vietnam from December 28, 1968 through December 28, 1969, therefore his exposure to herbicides is conceded. However, a causal relationship cannot be presumed based on the Veteran’s presumed in-service herbicide agent exposure because atopic dermatitis is not listed as a disease presumptively related to herbicide agent exposure. 38 C.F.R. § 3.309(e).

A private treatment record dated January 3, 2014, included an opinion from Dr. CEMQ, that the Veteran’s atopic dermatitis is “more probable secondary to his performance and Agent Orange contact during military service.”

The Board must find the opinion of Dr. CEMQ has no probative value. First, Dr. CEMQ has not offered any rationale between the diagnosis of atopic dermatitis and the Veteran’s service or his exposure to Agent Orange; there is no reasoning applied to the stated conclusion. Second, there is no indication that DR CEMQ reviewed the Veteran’s medical records and performed an examination of the Veteran. 

Similarly, although the Veteran has expressed his belief in a connection, he lacks the knowledge and training required to render a nexus opinion on a cause and effect relationship unobservable to a lay person. Kahana v. Shinseki, 24 Vet. App. 428, 435 (2011). The Veteran has simply asserted his opinion, without a clear rationale or support; no probative value is given his statements beyond their worth as physical observations.

Direct service connection for atopic dermatitis must also be denied. There is no evidence of any treatment for a skin disorder or skin symptoms in service; an in-service injury is the first element of service connection.

The competent evidence of record does not show that the Veteran’s claimed atopic dermatitis was either caused or aggravated by service. Simply put, there is no competent evidence linking his claimed atopic dermatitis to service. Direct service connection is not warranted based on the evidence of record.

Service connection for atopic dermatitis is not warranted. There is no reasonable doubt to be resolved in this case. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert, at 1 Vet. App. 49 (1990).

 

WILLIAM H. DONNELLY

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M. M. Lunger, Associate Counsel