﻿Citation Nr: AXXXXXXXX
Decision Date: 07/31/20 Archive Date: 07/31/20

DOCKET NO. 200506-82518
DATE: July 31, 2020

ORDER

Service connection for tinnitus is granted.

REMANDED

Entitlement to service connection for hearing loss is remanded.

FINDING OF FACT

The evidence as to whether the Veteran’s tinnitus had its onset in service is at least in equipoise. 

CONCLUSION OF LAW

Resolving reasonable doubt in the Veteran’s favor, the criteria for an award of service connection for tinnitus have been met. 38 U.S.C. §§ 1110, 1112, 1113, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Army from March 1964 to March 1966. 

The original rating decision underlying the present appeal was issued in November 2019 by a Department of Veterans Affairs (VA) Regional Office (RO). Following a denial on Higher-Level Review in March 2020, the Veteran timely appealed to the Board of Veterans’ Appeals (Board) in May 2020, requesting direct review of the evidence considered by the agency of original jurisdiction. 38 C.F.R. §§ 20.201, 20.202(b)(1).

The Board notes that evidence was added to the claims file after the record on appeal closed in November 2019. As the Board is remanding the claim for service connection for hearing loss for further development, the additional evidence will be considered by the RO when that claim is readjudicated.

Entitlement to service connection for tinnitus

The Veteran contends that his tinnitus was incurred in or caused by service. He reported during a private audiology examination in May 2019 that he first noticed tinnitus during service in 1964 and thought that it would go away, but it never did.

Establishing service connection generally requires medical or, in certain circumstances, lay evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. See Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 253 (1999).

Where a Veteran served for at least 90 days during a period of war or after December 31, 1946, and manifests certain chronic diseases, such as organic diseases of the nervous system, to a degree of 10 percent or more within one year from the date of termination of such service, such disease shall be presumed to have been incurred or aggravated in service, even though there is no evidence of such disease during the period of service. 38 U.S.C. §§ 1101, 1112; 38 C.F.R. §§ 3.307, 3.309.

In an October 1995 opinion, VA’s Under Secretary for Health determined that it was appropriate to consider high frequency sensorineural hearing loss an organic disease of the nervous system and therefore a presumptive disability. The United States Court of Appeals for Veterans Claims (Court) has held that tinnitus is a disease, rather than merely a symptom, and that 38 C.F.R. § 3.309(a) “includes tinnitus, at a minimum where there is evidence of acoustic trauma, as an ‘organic disease[] of the nervous system.’” Moreover, the Court indicated that, as such a presumptive condition, tinnitus warranted consideration of the continuity of symptomatology provisions found at 38 C.F.R. § 3.303(b). Fountain v. McDonald, 27 Vet. App. 258 (2015). 

A layperson is generally incapable of opining on matters requiring medical knowledge. Routen v. Brown, 10 Vet. App. 183, 186 (1997), aff’d sub nom., Routen v. West, 142 F.3d 1434 (Fed. Cir. 1998). However, lay evidence can be competent and sufficient to establish a diagnosis of a condition when: (1) a layperson is competent to identify the medical condition, (e.g., a broken leg, separated shoulder, pes planus (flat feet), varicose veins, tinnitus (ringing in the ears), etc.), (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. See Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007).

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.F.R. § 3.102. See also Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

In its March 2020 decision, the RO made several favorable findings related to the Veteran’s claim for tinnitus. These included that the Veteran had been diagnosed with tinnitus, that the evidence showed that a qualifying event, injury, or disease had its onset during his service, that in-service noise exposure was conceded, and that tinnitus was a chronic disease which may be presumptively linked to military service. These favorable findings are binding on the Board and are therefore not in dispute. The only question for the Board is whether there is a nexus between the Veteran’s tinnitus and his service. 

Regarding the nexus, or link, between tinnitus and service, the Veteran is competent to provide statements with respect to the onset and presence of tinnitus, inasmuch as such symptoms are observable by a lay person. As noted above, he reported during a private audiology examination in May 2019 that he first noticed tinnitus during service in 1964 and thought that it would go away, but it never did. The Board finds the Veteran’s statements regarding the presence and onset of tinnitus credible.

The Board acknowledges that a VA audiologist who evaluated the Veteran in August 2019 offered an unfavorable opinion with respect to nexus. However, the examiner did not account for the Veteran’s lay statements with respect to onset. As such, the examiner’s opinion in that regard is of limited probative value.

On balance, and taking into account the totality of the evidence, including the Veteran’s in-service noise exposure and his statements with respect to onset and continuity of symptoms, the Board is persuaded that the criteria for an award of service connection for tinnitus have been met. The evidence, at a minimum, gives rise to a reasonable doubt on the matter. 38 C.F.R. § 3.102. Service connection for tinnitus is therefore granted.

REASONS FOR REMAND

Entitlement to service connection for hearing loss is remanded.

In its March 2020 decision, the RO made several favorable findings. These included that the Veteran had been diagnosed with a hearing loss disability, that the evidence showed that a qualifying event, injury, or disease had its onset during his service, that in-service noise exposure was conceded, and that hearing loss was a chronic disease which may be presumptively linked to military service. These favorable findings are binding on the Board and are therefore not in dispute. The question for the Board is whether there is a nexus between the Veteran’s hearing loss and his service. 

The Veteran was afforded a VA examination in connection with his claim in August 2019. The examiner offered a negative nexus opinion, reasoning that there were no significant permanent shifts in hearing thresholds beyond test variability from the Veteran’s entrance into service until separation, which amounted to objective evidence of no permanent auditory damage on active duty from conceded noise exposure. The examiner also noted that there was no report of complaints or treatment for hearing decrease in the Veteran’s service treatment records (STRs) or at separation, and that the Veteran’s military occupational specialty had a low probability for hazardous noise exposure. 

The Board finds that the August 2019 VA examiner did not fully explain or address the Veteran’s in-service audiograms. The Veteran underwent audiometric testing in service at entrance in March 1964, during service in May 1965, and at separation in February 1966. While audiometric scores were recorded at all threshold levels at entrance in March 1964, they were not recorded at 3000 Hertz in May 1965 or February 1966. The Board finds that the examiner’s failure to address the missing data fields amounts to a pre-decisional duty to assist error. Additional development is necessary. 

This matter is REMANDED for the following action:

Arrange to provide the record on appeal to the VA audiologist who examined the Veteran in August 2019. 

The examiner should be asked to review the record and prepare a supplemental report as to whether it is at least as likely as not (i.e., whether it is 50 percent or more probable) that the Veteran’s hearing loss had its onset in, or is otherwise related to, service. 

The examiner should specifically address the fact that audiometric scores at 3000 Hertz were not recorded in connection with the Veteran’s May 1965 and February 1966 in-service audiograms, and offer an explanation as to how the missing data impacts or informs his opinion. 

If the August 2019 audiologist is no longer employed by VA or is otherwise unable to provide the opinion(s) requested, arrange to obtain the requested information from another qualified examiner. The need for another examination and/or telephonic or video interview of the Veteran is left to the discretion of the examiner(s) selected to offer the requested opinion(s).

A complete medical rationale for all opinions expressed must be provided. 

 

DAVID A. BRENNINGMEYER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Oldroyd, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.